L. P. HARRISON ET AL. v. MANSUR-TIBBETTS IMPLEMENT COMPANY.

Delivered June 26, 1897.

**Wife's Separate Property—Purchase of Land on Credit.**

Where land is purchased by the wife wholly on a credit, the only consideration therefor being her assumption of an outstanding vendor's lien debt thereon, it does not become her separate property, and is liable to an execution against the husband.

APPEAL from Lamar. Tried below before Hon. E. D. McCLELLAND.

*Denton & Long* and *A. P. Long,* for appellants.

*J. S. Patrick* and *Hale & Hale,* for appellee.

RAINEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by appellees against appellants to recover certain lands in Lamar County, Texas. Plaintiff alleged that it acquired title to said land through execution sales on judgments rendered against L. P. Harrison; that Jimmie C. Harrison, wife of L. P. Harrison, is setting up claim to said land as her separate property, and has a pretended deed to said land; that at the time of the levy and sale under the several executions the land described in plaintiff's petition was the property of L. P. Harrison, and that the deeds to the same were made to Jimmie C. Harrison for the purpose of placing said land beyond the reach of creditors of L. P. Harrison.

Appellants answered by plea of not guilty, and specially that the property described in plaintiff's petition was the separate property of Jimmie C. Harrison, and not subject to sale for her husband's debts. That she purchased said land, and as consideration for same she assumed the payment out of her separate estate of vendor's lien notes on said land for $2500. The case was tried by a jury, resulting in a judgment in favor of appellees, from which appellants have appealed.

Two questions arise from the evidence in this case. The first is, whether or not the land in controversy is the separate property of Jimmie C. Harrison. Second, whether or not the transaction was colorable, and the deed was made to Jimmie C. Harrison for the purpose of protecting the land from the creditors of L. P. Harrison.

We conclude from the testimony that at the time P. W. Harrison deeded to Jimmie C. Harrison the land, no consideration was paid therefor, further than the assumption by Jimmie C. Harrison of the payment of the $2500 note, which was a vendor's lien note upon said land; and that L. P. Harrison was insolvent at that time, and that the land was conveyed to Jimmie C. Harrison to defraud L. P. Harrison's creditors.

The appellants complain of the court for refusing to give the special charge asked by them, which involves the following proposition made by appellants: "A conveyance of property to the wife in consideration of her assumption of a debt secured by a lien on the same, will make such property her separate property, even though she may have intended to discharge the debt assumed by a sale of all or a part of the property."

We do not think this proposition sound in law. No case has been cited by appellants, nor have we been able to find any, where the wife acquired an interest in land on a credit, when no part of the purchase money had been paid therefor out of her separate means. There are several cases by our Supreme Court holding that where the consideration for land purchased is in part paid out of the separate means of the wife, and the balance to be paid at some future date, the wife acquires an interest in the land to the extent of the cash paid therefor; and if the deferred payments are made out of her separate means, she acquires a title to all of the land; but, if the deferred payments should be paid out of property other than that of her separate means, to that extent it would be community property and subject to the payment of the husband's debts.

Alterman v. Jasper, 70 Texas, 452; Parker v. Fogarty, 4 Texas Civ. App., 620; Schuster v. Bauman, 79 Texas, 179.

In the last named case Judge Gaines, in discussing the rights of the wife under such circumstances, says: "A wife's equity in such cases arises from the actual investment of her separate money, or the transfer of her separate property." As there was no actual investment of Jimmie C. Harrison's separate money, or the transfer of her separate property for the land in controversy, we are of opinion that the same did not become her separate property, and was therefore subject to the debts of her husband, L. P. Harrison. We are also of the opinion that the evidence fully sustains the position of appellee, that the transfer of the land to Jimmie C. Harrison was colorable, and done for the purpose of protecting it from the debts of the husband, L. P. Harrison. The evidence is sufficient to support the judgment.

There was no error in the court's action in overruling appellants' motion for a new trial on the grounds presented.

We find no error in the judgment of the court below, and it is therefore affirmed.

*Affirmed.*