### George L. Allen v. Sallie Allen et al.

No. 1799.  Decided February 19, 1908.

**1.—Resulting Trust.**

No resulting trust arises from the payment of the purchase price of land by a third party after the title has fully vested in the vendee.  (P. 365.)

**2.—Parol Trust—Statute of Frauds.**

The statutes prohibiting any conveyance or contract for the sale of real estate save in writing (Rev. Stats. arts. 624, 2543) apply to and forbid the creation of a parol trust by the owner of land without conveyance from him.  Th

cases in which express parol trusts have been recognized were of those secured by agreements between grantors and grantees or between grantees and third persons existing when the title vested under the written conveyances. (Pp. 365, 366.)

**3.—Same—Case Stated.**

One who had purchased and received a conveyance of land, his note being given for the purchase money but no express lien therefor being retained, induced his de facto Texas wife (he having abandoned, without being divorced, his former wife still living in another State) to pay off the purchase money note by an oral agreement that the land should be hers. Held, that neither a resulting trust nor an express trust by parol in her favor was created by the transaction. (Pp. 364–367.)

**4.—Same—Cases Distinguished and Limited.**

James v. Fulcrod, 5 Texas, 512; Kinlow v. Kinlow, 72 Texas, 639; Barnett v. Vincent, 69 Texas, 685, distinguished and limited. (Pp. 365–367.)

**5.—Pleading—Lien for Improvements.**

A judgment charging land in controversy with a lien in favor of one of the parties for money paid for improvements upon it, was not warranted by pleadings which presented only the issue of right to recover the land and to have partition. (P. 367.)

**6.—Partition—Compensation for Improvements.**

On partition of land a part owner may, under proper pleadings, be compensated for improvements placed by him on the property, taking into consideration also the value of the use by him of his adversary's part of the land. (P. 367.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Hood County.

George Allen sued Sallie Allen and others for recovery of land. Defendants had judgment which was affirmed in part on appeal by plaintiff, who thereupon obtained writ of error.

*G. A. Brown,* for plaintiff in error.—The defendants, under their special and alternative answer, alleging that Sally Allen owned the property sued for, will be limited to the defense as pleaded, and can not set up other defenses which might have been available under general denial and plea of not guilty only. Shields v. Hunt, 45 Texas, 424.

Furnishing money by appellee, Sally Allen, to John H. Allen to pay for the 160 acres of land in controversy, but long after the purchase thereof by Allen, did not create a resulting trust in favor of appellee, and she thereby acquired no title or ownership in the land. Caldwell v. Bryan's Exs., 20 Texas Civ. App., 172; Arnold v. Ellis, 20 Texas Civ. App., 262; Oury v. Saunders, 77 Texas, 278; Lacey v. Clements, 36 Texas, 661.

Where a third person subsequent to the purchase of land and delivery of the deed thereto, furnishes the purchaser the money to pay a note given for the purchase money of the land, such third person does not thereby acquire the legal or equitable title thereto, but becomes a creditor of the purchaser subrogated to the rights and remedies of the former holder of said note, but no more, although it is specifically agreed at the time the money is so furnished, that the land shall then and there become the property of such third person. Oury v. Saunders, 77 Texas, 268.

The mere fact that a woman in good faith marries and lives with a man, who at the time is lawfully married to another, will not entitle her to any part of the lands, the titles to which are acquired by him during such unlawful cohabitation. Routh v. Routh, 57 Texas, 589; Chapman v. Chapman, 11 Texas Civ. App., 392; Chapman v. Chapman, 16 Texas Civ. App., 382.

*John J. Hiner,* for defendants in error.—Under the repeated decisions of this State it is no longer an open question that where a marriage is made in good faith, by a woman, believing that her husband is competent to make such marriage contract, she is entitled to one-half of all the property acquired during such marriage. Morgan v. Morgan, 1 Texas Civ. App., 315.

John H. Allen bought the land in controversy—the farm— after the marriage of himself and Sallie Allen, on credit. Shortly thereafter they moved thereon and made the same their home. When the note came due, he did not have the money with which to pay same, but his supposed wife did. He told her that if she would pay the note, she should have the land. To this she agreed, and under this agreement she advanced the money—not as a loan or gift to said Allen—to pay for the land believing the same to be hers. This being true, Allen at once became the trustee for her, holding the legal title in his name, but the real title to the land was in Sallie Allen, and she became the owner thereof under the agreement aforesaid. I have been unable to find a case directly in point but the principle contended for is sound. I call the court's attention to the case of Barnett v. Vincent, 69 Texas, 685.

Mr. Justice Williams delivered the opinion of the court.

This action was brought by plaintiff in error against defendants in error to recover two parcels of land (1) a farm of 160 acres, and (2) block 38 in the town of Tolar. The plaintiff alleged that the land belonged to his father, John H. Allen, and, at his death, was inherited by plaintiff and his mother, the widow of John H. Allen, and that his mother had conveyed to him her interest. The defendants, besides the general issue, pleaded specially that the property never belonged to John H. Allen but belonged to the defendant, Sallie Allen. They further pleaded that Sallie and John were married in Texas in 1872, the former having no knowledge that the latter had a living wife and in good faith believing him to be unmarried; that they lived together as husband and wife until his death during which time the property in controversy was acquired, and claimed that in any event she was entitled to one-half of it. In a supplemental petition the plaintiff prayed for a partition in case it should appear that the parties jontly owned the property. The jury found that John H. Allen was married to plaintiff's mother in Mississippi in 1854 and that they were never divorced; that in 1867 Allen deserted his said wife and in 1872 married defendant, Sallie, in Texas, the latter having no knowledge of his previous marriage, and that they lived together until his death in 1904, during which time all of the

property was acquired. There are some further details in this connection which need not be stated since no question is now made about them. The jury further found that Allen bought the 160 acres in 1879, giving his note for $160 for the purchase money, and receiving a deed conveying the land, reciting the note as the consideration but reserving no lien to secure it; that in 1883 Allen induced Mrs. Sallie Allen to pay this note with $200 given to her by her mother, telling her that the land should be hers, and that afterwards other money of Mrs. Sallie Allen, in the amount of $200, was used by Allen in improving this tract. It further appears from the special verdict that block 38 in Tolar was purchased with proceeds of crops raised on the 160 acre tract, and that in the improvement of this block $210 of Mrs. Sallie Allen's money was used. Upon these facts the District Court held that all of the property belonged to Mrs. Sallie Allen and gave judgment for defendants. The plaintiff appealed to the Court of Civil Appeals, which affirmed the judgment as to the 160 acre tract, but reversed it as to block 38 and rendered judgment in plaintiff's favor for one-half of it, but charging the entire block with a lien for the money of Mrs. Sallie Allen, invested in the improvement of it, after deducting therefrom one-half of its rental value since the institution of the suit.

The Court of Civil Appeals affirmed the judgment of the District Court as to the 160 acres on the ground that the agreement between John Allen and Mrs. Sallie Allen, under which the latter paid the note for its purchase money, established an express trust which could be proved by parol evidence and which constituted an equitable title in her to the property. The court conceded that there was no implied resulting trust for the reason that Mrs. Allen did not furnish the purchase money at the time the title vested in Allen, and that this is correct is fully settled by the authorities. Before Mrs. Allen paid the purchase money the title had been completely conveyed to Allen by a deed without reservation and the title had fully vested in him. No trust in Mrs. Sallie Allen's favor, therefore, could result by mere implication because she subsequently paid the note. And we think the fact of the investiture of Allen with the full title, legal and equitable, is equally fatal to her claim of an express parol trust. After the title vested in Allen, free from a trust of any character, he could only have conveyed it by some instrument in writing. We have two statutory provisions affecting this question, one of which is article 624 and the other is article 2543 of the Revised Statutes. The first requires that the conveyance from one to another of any "estate of inheritance or freehold in lands" must be in writing, and the latter likewise requires to be in writing any contract "for the sale of real estate."

Since the decision in James v. Fulcrod, 5 Texas, 512, it has steadily been held by this court that these statutes do not forbid proof of express trusts by parol; but to avoid giving this doctrine the effect of abrogating the statutes entirely we must use some discrimination in ascertaining what are to be considered express

trusts which may be proved by parol. Certainly they can not be allowed to embrace conveyances by one of his title to another, nor contracts by one to sell his title to another, for that would contradict the very terms of the law. When we examine the cases in which this doctrine is applied in this State we find that they involved transactions in which persons having the titles have, in writing, conveyed or contracted to convey those titles to others for the benefit of the grantors or of third persons. Such benefit was secured by agreements or understandings, sometimes between the grantors and the grantees, and sometimes between the grantees and third persons, but existing when the titles vested under the written conveyances and subjecting those titles to the trusts or confidences reposed in those who received them. In such cases the writing by which the right or title is passed to the trustee satisfies the statute, and there being no provision in our statute, as there is in many others, prohibiting parol proof of express trusts, the courts have admitted such proof, and this is the doctrine of James v. Fulcrod, and the many cases following it.

But when the owner of land agrees, as did Allen, that for a consideration it shall become the property of another, what is that but an attempt to convey his title, or a contract for the sale of his title? Or, if the agreement be to give the property to another, is it not merely an attempt to convey it? We can see but one answer to these questions and it is one which brings the case clearly within the inhibitions of the statute. The objection can not be met by merely changing the name of the transaction. In order to come within the doctrine of James v. Fulcrod, it must be one which does not conflict with the statute. No contract, or conveyance, whatever may be the name given to it, can be permitted to do that and be enforced. To illustrate the distinction, we may refer to the application of the doctrine to mortgages. It would scarcely be contended that a mortgage upon land can be given by parol. This is true because a mortgage is a species of conveyance and must therefore be in writing, if its subject matter be land, in order to comply with article 624. But if the owner of the land make a deed, absolute in form, he may show by parol that it was made upon a trust to secure a debt. The conveyance satisfies the statute, and the proof of the parol agreement, according to the decisions under consideration, is not prohibited by it. But what would be thought of an attempt to create the mortgage without any writing? The language used in the decisions applying the rule that express trusts in lands may be proved by parol must be understood as referring to trusts of the nature of those in question in the particular cases and must not be so applied as to permit the passing of the title of one to another by mere parol agreement, as is here attempted, because such an application of the rule would completely defeat the statutory provisions referred to. No case is cited and we have found none in our reports in which it became necessary to mark this distinction, but in the case of Hamilton v. Buchanan, 112 N. C., 463, it is recognized and sharply defined. See also 28 Am. & Eng. Ency. Law, 871-2.

The cases cited in support of the judgment do not reach the point. In Kinlow v. Kinlow, 72 Texas, 639, a resulting trust was declared in favor of the defendant whose money bought and paid for the land, from which it must be understood that the defendant furnished the consideration when the property was purchased.

In Barnett v. Vincent, 69 Texas, 685, the interests of the defendants in the land arose under the contract through which it was purchased, by which they were to pay their portions of the purchase money and receive such interests; and it was held that the evidence sufficiently established both resulting and express trusts. The case is of the same character as others in which the doctrine has been applied.

In Fisher v. Fields, 10 Johns., 495, a discharged soldier, who was entitled to land as a bounty, endorsed on his discharge a written transfer of such right, and afterwards received a patent for the land as required by statute. It was held that he took the title in trust for his assignee, a doctrine that has often been stated by this court.

We conclude that the Court of Civil Appeals erred in holding that the whole of the 160 acre tract belonged to Mrs. Sallie Allen. The court also erred in rendering judgment charging Block 38 with the money advanced by Mrs. Sallie Allen to improve it, for the reason that there are no pleadings to support such a judgment. The pleadings under which the cause was tried made it one for partition as well as one for the adjudication of title, but the only claims set up by any of the parties were to the land itself. No charges upon it of any kind were alleged in favor of any of the parties. McKey v. Welch, 22 Texas, 390; Peak v. Brinson, 71 Texas, 310.

We are of the opinion, as now advised, that, with proper pleadings, the defendants would be entitled to reimbursement, in partition, for the money expended by Mrs. Allen for the improvement of this block as well as for that used in payment of the purchase money and in the improvement of the 160 acres, and that, in reversing the judgment of the District Court, we should remand the cause to enable them to assert these rights, for the reason that that court has never passed upon any of the questions that may arise in making partition. In giving this relief the District Court should, of course, take into consideration the value of the use made of plaintiff's half of the property by the defendants. Whether the adjustment should be made by an increase in the share awarded to the defendants in an actual division of the entire property or by a sale of all or a part of it must be determined in the further proceedings to be had. (Kalteyer v. Wipff, 92 Texas, 683.)

Reversed and remanded to the District Court with instructions to adjudge one-half of all the land in controversy to the plaintiff, and to proceed to partition it according to law.

*Reversed and remanded, with instructions.*