### MILLER v. ODOM et al.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 7, 1912. Rehearing Denied Jan. 18, 1913.)

1. HUSBAND AND WIFE (§ 255*)—COMMUNITY PROPERTY — PROPERTY — PAYMENT OUT OF HUSBAND'S SEPARATE FUNDS.
   Real estate, the legal title to which was acquired by a husband during marriage, is community property, and a mere payment by him of the price out of his separate funds after his wife's death does not make him the sole owner, in the absence of any appropriation by him.
   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 900–902; Dec. Dig. § 255.*]

2. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.
   The error, if any, in admitting evidence on an issue not submitted to the jury finding contrary to the evidence is not prejudicial.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

3. PARTITION (§ 17*)—ISSUES—TITLE.
   The court in partition must, as required by Rev. St. 1895, art. 3610, determine all questions of law or equity affecting the title to the property involved.
   [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 53–59; Dec. Dig. § 17.*]

4. PARTITION (§ 63*)—ISSUES—TITLE.
   Where, in a suit by a child to recover from his father an undivided half interest in land on the theory that it was community property, and that the child, as heir of his deceased mother, was entitled to an undivided half interest, the father did not seek to recover for improvements made by him nor interpose a plea of limitation to the child's demand for rents, the court could adjust the equities of the parties in allowing the father the benefit of the payment of the balance of the price after the death of the mother, offsetting in the child's favor the rents of the land while in the father's possession, and hence evidence of the amount of the rents received by the father during the period of his possession was admissible.
   [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 183–185; Dec. Dig. § 63.*]

5. PARTITION (§ 86*)—LIABILITY FOR RENTS —COMPOUND INTEREST.
   The court in partition of real estate which has been in possession by one of the parties by tenants paying rent to him may not compound interest on the rents in adjusting the equities of the parties.
   [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 247–249, 252; Dec. Dig. §. 86.*]

6. PARTITION (§ 91*) — JUDGMENT — FAILURE TO APPOINT COMMISSIONERS TO PARTITION.
   Where the judgment in partition vested in plaintiff an undivided half interest in the land, and adjudged a lien on the whole in favor of a third person, decreeing that, in satisfaction of the lien, the undivided half interest of defendant should first be sold, and, if insufficient, the undivided half interest of plaintiff should be sold, and adjudged a lien on plaintiff's undivided half interest in defendant's favor to secure the payment of a sum awarded him, the failure to appoint commissioners to partition the land was not erroneous, since the entire tract might be sold so as to make partition by commissioners unnecessary.
   [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 225–264; Dec. Dig. § 91.*]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by Genelle Odom and another against James T. Miller. From a judgment for plaintiffs, defendant appeals. Affirmed.

A. J. Clendenen, of Ft. Worth, for appellant. E. A. Rice and Walker & Baker, all of Cleburne, for appellees.

CONNER, C. J. This suit was instituted by appellee Genelle Odom, joined by her husband, on the 8th day of April, 1911, to recover of the defendant, James T. Miller, an undivided one-half interest in a tract of 60 acres of land in Johnson county. She also sought to recover rents for the same for the period of 19 years before the filing of her petition. The plaintiff further sought the cancellation of a lien by deed of trust given by the appellant, Miller, to the Barber Lumber & Mill Company in so far as it affected her one-half interest, but, inasmuch as no complaint on this appeal is made of the judgment below in favor of the Barber Lumber & Mill Company, no further notice of this feature of the case need be taken. Appellee Genelle Odom alleged, in substance, that the land in controversy had been acquired by James T. Miller during his marriage with her mother, who died on the 29th day of

---

February, 1892, a few days after appellee's birth, and she claimed title to the one-half interest for which she sued only as an heir at law of her deceased mother. Appellant answered, among other things, that the purchase of the tract of land in controversy was not completed until after the death of his said wife, and that the whole consideration for the land had been paid by him long subsequent to her death, all of the money being so paid being his separate property, that all of the community property on hand at the death of the wife and mother was afterwards delivered to appellee, and that debts of the community to the amount of about $150 had been paid by appellant out of his own funds, and that having so paid the entire consideration for the land, and the community debts, he had appropriated the land as his own. The case was tried before the court with a jury, and, upon the answers of the jury to special issues submitted to them, judgment was rendered in favor of appellees for an undivided one-half interest of the land in controversy, and in favor of appellant against appellee for the sum of $37.50.

[1] The jury, among other things, found that the tract of land had been paid for out of the separate means of the defendant, and it is contended that such finding required a judgment in appellant's favor. The jury also found, however, that the land had been purchased and deed executed and delivered to appellant, Miller, on or about the 16th day of January, 1892, Miller giving his note therefor for the sum of $402.50; that this occurred before the death of Mrs. Susie Miller, the wife of appellant and the mother of appellee Genelle Odom; and that the note given for the land had been paid by appellant out of his own separate money long after the death of his said wife. So far as disclosed by the verdict of the jury, and we might add even by the evidence, there is nothing to show that full title to the land involved in this suit did not pass to appellant, Miller, upon the execution and delivery to him of the deed of January 16, 1892. It follows indisputably that the land constituted the community property of appellant and his then wife, Susie Miller, and the mere payment by him of the purchase-money note later out of his separate funds constitutes no such equity or resulting trust in his favor as would authorize a reversal of the judgment on the theory that, because of such payment of the purchase money, he became in equity the sole owner of the land. See Allen v. Allen, 101 Tex. 362, 107 S. W. 528. True, as shown by some of the authorities cited by appellant, the community survivor may under certain circumstances discharge community obligations and recompense himself out of the community property, but there is neither finding of the jury nor evidence to sustain the contention that appellant appropriated the 60 acres of land in controversy. He used it and rented it, and appropriated the rents to his own use, but the land itself remained intact and unchanged in legal ownership without any contention on appellant's part that his daughter, appellee Genelle Odom, was without interest. On the contrary, as late as July 26, 1910, he wrote to Mrs. Odom, desiring the execution of an instrument to enable him to get a loan on the farm, among other things, stating: "I am not selling the farm, but just want to get a loan on it to build me a house. * * * Now, Papa is not in any way wanting you to sacrifice your part. * * * Now, I knew and always wanted you to have at least one-half of the farm if I should die first and I intend to see that you get it, but in order to get this loan on the farm it is necessary for you and husband to sign and acknowledge before a notary public, which please do as soon as you get this, and you can be fully assured that Papa is in no way having you sacrifice your part or in any way losing your part of it."

[2] Complaint is also made of the action of the court in admitting the testimony of Mrs. Mary Ball, appellant's mother, to the effect that some time during the month of November preceding the death of Mrs. Susie Miller she saw in her possession a roll of money that Susie Miller stated contained $600. We will not stop to inquire whether under the circumstances this testimony was violative of Revised Statutes, art. 2302, inhibiting parties in suits by or against heirs from testifying as to transactions with or statements by certain deceased persons, for the reasons that this testimony was evidently offered in support of one of appellee's special contentions that a payment on the land was made in cash at the time of its purchase out of the separate funds of Mrs. Miller, and that the $402.50 represented the remainder, it further appearing that no such issue as this was submitted to the jury, and that, on the contrary, the jury's finding, as before stated, was that appellant himself paid the purchase money out of his own separate means. Moreover, the verdict and judgment shows that appellant was not charged anything on the theory that Mrs. Miller at the time of her death left money in any amount, on the contrary, all for which appellant appears to have been charged was the rents received by him after the death of his wife. The testimony referred to, therefore, could in no way have been prejudicial.

[3, 4] Appellant also complains of the action of the court in admitting the testimony of W. Harrod and a number of other witnesses relating to the amount of rents paid to and received by appellant during the years preceding the two years before the filing of appellees' suit, the insistence being that the defendants not having pleaded nor sought a recovery for improvements or expenditures made by them they were not entitled to recover rents, save for the two years immediately preceding the suit. We think, however,

that appellant misapprehends the principle involved. This is not a suit in trespass to try title wherein improvements in good faith have been set up by the defendant, but, on the contrary, one for partition by a joint owner, and in which by statute the court is required to determine all questions of law or equity affecting the title to the property involved which may arise. See Revised Statutes, art. 3610. Even in cases of trespass to try title where a claim for improvements in good faith has been made, rents and profits received by the possessor prior to the two years preceding the institution of the suit may be estimated and offset against the value of the improvements. In the suit now before us it appears without dispute that appellant from the death of his wife, Susie Miller, until the trial with possibly a year or two excepted, rented out the farm in question, receiving rent therefor from others in the total amount as the jury found of $900. Appellant in answer to the plaintiffs' prayer for the recovery of rents interposed no plea of limitation, and appellees, in fact, were allowed no recovery for rents of any period. The court merey adjusted the equities of the parties in allowing to appellant the full benefit of the payment of the purchase-money note out of his own separate property and for all taxes paid by him, offsetting in appellees' favor, as in equity we think was proper, the rents and proceeds of the land while in appellant's possession. See 30 Cyc. 230; Wipff v. Heder, 41 S. W. 164; Morris v. Morris, 47 Tex. Civ. App. 244, 105 S. W. 242. The court therefore properly admitted the testimony complained of.

[5] The foregoing conclusions dispose of all questions presented by appellant's assignments of error. But appellees, in turn, urge cross-assignments presenting the contention that, instead of a judgment for $37.50 against them in appellant's favor, the judgment should have been in their favor against appellant for the sum of $116.12. This contention, however, is predicated upon a calculation of the average rents yearly received by appellant, with interest thereon compounded, and we know of no authority for so compounding the interest. True, it may and does possibly appear that the court in adjusting the equities of the parties seems to have compounded the interest upon the purchase-money note paid by appellant. It was shown that this note was first made payable five years after its date, and later renewed for another period of five years, and, in aid of the court's action, we will assume, if it is not shown by the record, that by the terms of the note the interest thereon was payable annually and presumably was so paid by defendant. We cannot say, therefore, that the court improperly allowed appellant interest in exact accord with the requirements of his obligation. We think the cross-assignment referred to must be overruled.

[6] Appellees also complain of the failure of the court to appoint commissioners to partition the land in controversy. But we do not feel prepared to say that under the circumstances as disclosed by the record that this was error. The judgment as between the appellant Miller and the appellees vested in appellees an undivided one-half interest in the land described in the petition, but further found a lien on the whole in favor of the Barber Lumber & Mill Company decreeing that in satisfaction of the lien the undivided one-half interest of appellant Miller should be first sold, but that, if such undivided one-half interest was insufficient to pay off and discharge the lien, the undivided one-half interest of the appellees should also be sold for the payment of the remainder with the surplus proceeds, if any, payable to appellees. A lien upon appellees' undivided one-half interest was also adjudged in appellant's favor to secure the payment of the $37.50 awarded to him, in view of all which we do not feel prepared to say that the appointment of commissioners will ever become necessary. Under the terms of the decree, the entire tract may be sold, in which event appellee's interest would be in such parts of the proceeds as remained after the payment of the judgment in favor of the Barber Lumber & Mill Company and appellant, and the action of commissioners of partition would be unnecessary in determining appellees' share of the proceeds. The judgment itself does this.

We conclude on the whole that all assignments of error should be overruled, and the judgment affirmed.