BARKLEY v. STONE et al. (No. 7784.)

(Court of Civil Appeals of Texas. Dallas. May 12, 1917. Rehearing Denied June 16, 1917.)

1. PARTITION ⊝⇒5 — BY ACTS OF PARTIES — ORAL AGREEMENT.

An oral agreement between surviving husband and first wife's sons, by which the husband conveyed community property to an attorney for his son's benefit in consideration that he release residue of the estate from any claim, did not constitute a partition, since under the statute partition can only be had between joint owners or those jointly interested, and neither vendors nor vendees had any interest in the estate conveyed.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 13–17.]

2. HUSBAND AND WIFE ⊝⇒274(1)—COMMUNITY PROPERTY—EFFECT ON WIFE'S DEATH.

Upon a wife's death legal title to her share in community property vested in her children subject to surviving husband's rights to occupy premises as homestead.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1026, 1029, 1030.]

3. HUSBAND AND WIFE ⊝⇒273(8)—COMMUNITY PROPERTY—SURVIVING HUSBAND'S RIGHT TO CONVEY.

The surviving husband can only convey community real estate to pay community debts, although a conveyance for another purpose, acquiesced in by all interested, will pass title.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1019.]

4. PARTITION ⊝⇒22 — RIGHT TO — FORMER AGREEMENT.

Where plaintiff had acquiesced in deeds previously made by his mother's surviving second husband, conveying a portion of community property to a lawyer for plaintiff's benefit under plaintiff's oral agreement to release his interest in the residue, and value of which was equal to his interest in the property, equity will deny him partition of the residue, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 6100, providing that all questions of law or equity affecting the title may be considered in partition proceedings.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 73, 74.]

5. PARTITION ⊝⇒83—JURISDICTION TO DETERMINE EQUITIES—CONSTRUCTION OF STATUTE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 6100, providing that all questions of law or equity affecting the title may be considered in partition proceedings, was intended to confer authority to adjust every conceivable equity existing between cotenants relating to the parties and property partitioned.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 228, 229.]

Error from District Court, Dallas County; Kenneth Foree, Judge.

Suit by Henry Barkley against Homer Stone and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Allen & Allen, of Dallas, for plaintiff in error. Thompson, Knight, Baker & Harris, and Thomas A. Knight, all of Dallas, for defendants in error.

RASBURY, J. Plaintiff in error sued defendants in error to compel partition of a lot of land 173x188 feet, situated in the city of Dallas, alleged to be owned jointly by the parties, two-twelfths by plaintiff in error, and the remainder by defendants in error. There was trial by jury to whom the court conferred for determination certain issues of fact and upon the answers to which judgment was entered for defendants in error.

The facts arising upon the evidence are without dispute and are these: Alfred Stone married Evelyn Barkley in 1864. At the time of the marriage Evelyn had by a former husband two children, Henry Barkley, plaintiff in error, and James Barkley. After the marriage, and in 1874, Alfred Stone acquired from Nat M. Burford about one acre of land, which is conceded to have been community property, and of which the lot sought to be partitioned is a part. Homer and Charlie Stone are the children of Alfred and Evelyn Stone. Evelyn Stone died in the year 1881, intestate, leaving as surviving heirs her four sons, James and Henry Barkley and Homer and Charles Stone. She left no debts, nor was there any administration upon her estate. Shortly after the death of Evelyn Stone her surviving husband, Alfred Stone, married again. Subsequent to the death of his mother, and in 1897, James Barkley died. He left no debts, nor was his estate administered upon. Alfred Stone died in 1911. His second wife died in 1914. The land sought to be partitioned was occupied by Alfred Stone from the time he bought it until his death as his homestead, and after his death it was so occupied by his surviving widow until her death. After the death of Evelyn Stone a portion of the community estate was deeded by Alfred Stone and his second wife, Fannie, to R. B. Seay and J. D. Fouraker. The consideration for the lands so conveyed, between the vendors and the vendees, was that the vendees, who were lawyers, would defend Henry Barkley in the courts against a charge of murder. The services were rendered. As between the vendors and Henry and James Barkley the agreement, which was oral, was that the conveyance should constitute a partition of their mother's interest in the community estate, and that the property conveyed represented their interest or share therein, and should, between the parties interested, have the effect of releasing the residue of the common estate from any claim of theirs in that respect. Defendants in error acquiesced in the transaction we have detailed. The land sought to be partitioned is no part of the land conveyed to Seay and Fouraker, but a part of the original one-acre tract left by Alfred Stone at his death and since occupied and claimed by the defendants in error. Notwithstanding the facts related were not disputed the court submitted to the jury the issue as to whether the deeds were executed in pursuance of the agreement we have detailed, and the jury found they were.

⊝⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1, 2] It is the contention of plaintiff in error, raised in several ways, that the conveyance by Alfred Stone to Seay and Fouraker, under the circumstances and for the purposes detailed, in no way affects his right to have the remaining portion of the common estate partitioned. The claim is that the facts detailed did not in law constitute a partition between the tenants in common at the time. Such claim we believe to be a correct legal statement. When Evelyn Stone died, the property being community, the legal title to her undivided one-half vested in her children, Henry and James Barkley and Homer and Charles Stone, subject to the right of her surviving husband to occupy the premises as his homestead. Johnson et al. v. Harrison et al., 48 Tex. 257. Partition, correctly speaking, can only be had between joint owners or those jointly interested. The statutory remedy so provides. Thus, so far as pertained to the interest of the heirs of Evelyn Stone in the estate, there was literally no partition, since neither the vendors nor the vendees had any interest in the estate intended to be conveyed. But it is not correct to say that the conveyances and the consideration therefor are without controlling effect in this proceeding upon plaintiff in error's right to partition the land in controversy.

[3, 4] While the surviving husband can only convey the community real estate to pay community debts, a conveyance for other purposes, acquiesced in by all interested and supported in equity, will pass title to his vendee. McAnulty v. Ellison, 71 S. W. 670. It is not disputed in this proceeding that plaintiff in error, as well as defendants in error, have acquiesced in the deeds made more than 20 years ago by Alfred Stone to Seay and Fouraker, or that it was intended to pass the title to the land described in the deeds. Plaintiff in error does not even deny that the purpose of the deeds was to convey to the vendees his interest and that of his brother in his mother's estate, and that he received the consideration therefor, nor that portion conveyed was equal to the portion which they were entitled to receive. Such being the facts, the application of well-settled rules of equity will deny a partition of the residue of the community property; in fact a denial in such cases, we believe, is contemplated by the statutory remedy, which declares that at the hearing in partition the court shall determine the interest of the joint owners and all questions of law or equity affecting the title. Article 6100, Vernon's Sayles' Civ. Stats.

[5] The effect and purpose of the statute, it occurs to us, is to confer upon the trial court authority to adjust and enforce between cotenants every conceivable equity relating to the parties and the property. Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55

S. W. 119, 56 S. W. 330; Wipff v. Heder, 41 S. W. 164; Morris v. Morris, 47 Tex. Civ. App. 244, 105 S. W. 242; Miller v. Odom, 152 S. W. 1185. The rule is also stated to be that:

"When a suit for partition is in a court of equity, or in a court authorized to proceed with powers as ample as those exercised by courts of equity, it may be employed to adjust all the equities existing between the parties and arising out of their relation to the property to be divided." 30 Cyc. 230.

The effect of the verdict and judgment, in which we concur, is to declare that upon the equities disclosed by the undisputed evidence plaintiff in error had no interest in the land, and was hence not entitled to partition.

The judgment is affirmed.