GUEST et al. v. GUEST et al. (No. 2062.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 16, 1919.)

1. HUSBAND AND WIFE ☞275—COMMUNITY PROPERTY — DEATH OF WIFE — COMPLETION OF PAYMENTS BY NEW COMMUNITY.

Where a husband, while second wife was living, purchased land for cash and notes, under presumption cash payments were made from community funds, and that deferred payments should be made from same source, wife was vested with community interest in property which was not divested, nor a trust ingrafted, by her death and her husband's remarriage and completion of payments by husband and new wife.

2. TRUSTS ☞63¾—RESULTING TRUST—PAYMENT OF CONSIDERATION AT ACQUISITION OF TITLE.

To create a resulting trust, the consideration must be paid, and the trust arise at the very time title is acquired.

**3. TRUSTS ⚖⊐1 — EXPRESS TRUST — AGREE-MENT.**

To create express trust in favor of one not a party to the deed, there must be an agreement existing at the time the title is acquired that it shall be held for his benefit.

**4. HUSBAND AND WIFE ⚖⊐275—COMMUNITY PROPERTY—ADVANCEMENT BY ONE COMMUNITY ON PURCHASE OF ANOTHER—REMEDIES.**

Where community of which third wife was member made deferred payments on land purchased by community of husband and second wife, it was entitled to be subrogated to rights of vendor lienholder against land, whose claim it satisfied, or husband's heirs in partition could seek reimbursement equal to their inherited interest in funds expended in discharging debts against common property.

**5. HOMESTEAD ⚖⊐151—COMMUNITY ESTATES—SUCCESSIVE COMMUNITIES—CLAIM OF HOMESTEAD RIGHTS.**

A third wife and her children can claim no homestead rights in the community interest that once belonged to the second wife.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Suit by Anderson Guest and others against Mrs. Lela Guest and others. From judgment for plaintiffs in part, they appeal. Reversed, and cause remanded.

T. T. Thompson, of Clarksville, and Mahaffey, Keeney & Dalby, of Texarkana, for appellants.

E. S. Chambers, Prentice Wilson, and Geo. Morrison, all of Clarksville, and C. S. Todd, of Texarkana, for appellees.

HODGES, J. The appellants are the children of J. K. Guest and his second wife, Luvandria Guest, both deceased. In November, 1917, appellants instituted this suit in the district court of Red River county for the purpose of recovering the community interest of their mother, and for partition of several tracts of land situated in Red River county. They allege that both their father and mother are dead; that the land sued for was acquired by them during the time they were living together as husband and wife, and was a part of their community estate; that the petitioners are entitled to have set apart to them the interest which they inherited from their mother, and which, they say, is one-half of the land described in their petition. The appellees, who are the third wife and children of J. K. Guest, with whom is joined the administrator of the estate of J. K. Guest, answered, claiming that, while the deeds under which the land in controversy was conveyed were executed and delivered during the existence of the marriage relation between the father and mother of the appellants, the principal part of the purchase price was paid during the time J. K.

Guest was living with his third wife, and from the funds of that community; that by reason of that fact the appellants are entitled to recover, if any, as their mother's community interest only that proportion which is represented by the part of the purchase price paid during her lifetime. They also claim that one of the tracts of land was the separate property of J. K. Guest, was occupied by himself and family as such at the time of his death, and is now occupied by the appellees. Other facts are pleaded which are not necessary here to notice.

The evidence shows that J. K. Guest and Luvandria Guest, his second wife, were married on December 26, 1883, and lived together as husband and wife till the death of Mrs. Guest on November 19, 1900. During that time the six tracts of land sued for were on different dates conveyed to J. K. Guest. Each one of the deeds was in the usual form and recited a consideration partly paid in cash, and the balance in notes secured by the vendor's lien. A few months after the death of his second wife J. K. Guest was married to his third wife, Lela Guest, one of the appellees, with whom he continued to live till his death, a short time before the institution of this suit.

In a trial before the court a judgment was rendered in favor of the appellants for all they claimed in some of the land involved, but denied the full relief sought as to others. In this appeal complaint is made of the judgment as it related to the division of three of the tracts described in the appellants' petition—one of 40 acres, another of 81 acres, and a third of 80 acres. In the division of the 40-acre tract the court limited the interest of the appellants to one-half of three-eighths, and in the 81-acre tract to one-half of three-twentieths, and allowed none in the third tract. He held that the 160-acre tract was therefore not subject to partition. The evidence shows that the deed to the 40-acre tract was dated October 15, 1900, a short time before the death of appellants' mother. It recited a cash consideration of $300 and two notes of $250 each, one due October 15, 1901, and the other October 15, 1902. The deed to the 81-acre tract was dated January 9, 1892. It recited a cash consideration of $300 and two notes, one for $700 due November 1, 1892, and another for $1,000, due one year later. The deed to the 160-acre tract was dated October 5, 1886; it recited a cash consideration of $338.50 and one note for $261.50 due December 7, 1887. There was abundant testimony to support a finding by the court that the major portion, if not all, of the deferred payments were made after the marriage of J. K. Guest with his third wife and from the community funds of that marriage. While the court filed no separate findings of fact and conclusions of law, his

judgment limiting the appellants' interest to less than one-half of the land described above can be accounted for on no other theory than that he was of the opinion that the community interest of their mother was measured by the proportion of the original purchase price paid during her lifetime and from funds in which she had a community interest. It is not clear upon what facts he based his conclusion that the 160-acre tract was the separate property of J. K. Guest.

The appellees urge in support of the judgment the following proposition, namely, that even if the legal title vested in the second community by the deeds through which the land was acquired, yet if a part of the purchase money was thereafter paid from funds belonging to the third community, the equitable title to the land thus paid for would be in each community in proportion to the amount of purchase money paid by each. To that proposition we are not prepared to assent.

[1-4] It conclusively appears that the tracts of land involved in this appeal were conveyed to J. K. Guest during the time he and the mother of the appellants were living together as husband and wife. In the absence of evidence to the contrary, it must be presumed that the cash payments recited in the deeds were made from the funds belonging to the community then existing, and that it was contemplated that the deferred payments should be made from the same source. Those conditions were sufficient to invest the mother of the appellants with a community interest in the property. While the deeds recited the reservation of the vendor's lien, those recitals merely evidenced the retention of the naked legal title to secure the payment of the balance of the purchase money when due. The real beneficial ownership of the property —that interest which might be seized under execution—passed to the grantees upon the delivery of the deeds, and all that was required to thereafter invest them with this technical legal title was the payment of the remainder of the purchase money. The title having once vested in the community of which the second wife was a member, it could not thereafter be divested except by a transmission according to some of the forms recognized by law. The subsequent payment by a third party of a part, or all, of the purchase money thereafter becoming due was not alone sufficient to shift the title or to ingraft a trust in the land. Allen v. Allen, 101 Tex. 362, 107 S. W. 528; Hayworth v. Williams, 102 Tex. 308, 116 S. W. 43, 132 Am. St. Rep. 879; Richmond v. Sims, 144 S. W. 1142; Miller v. Odom, 152 S. W. 1185; Medlenka v. Downing, 59 Tex. 32; Hirsch v. Howell, 60 S. W. 887; Moore v. Moore, 28

Tex. Civ. App. 600, 68 S. W. 59. The rule which creates a trust in favor of one who pays the consideration for which property is purchased is based upon conditions entirely different. To create a resulting trust the consideration must be paid and the trust arise at the very time the title is acquired. Parker v. Coop, 60 Tex. 114; Gardner v. Randell, 70 Tex. 453, 7 S. W. 781; O'Connor v. Vineyard, 91 Tex. 496, 44 S. W. 485. To create an express trust in favor of one not a party to the deed there must be an agreement existing at the time the title is acquired that it shall be held for his benefit. Gardner v. Randell, supra. To hold that the mere furnishing of the purchase money with which deferred payments are made years after the conveyance had been executed and delivered is sufficient to ingraft a trust is to ignore the statutory requirements concerning the conveyance of real estate. The attitude of the community of which the third wife was a member is in many respects similar to that of a creditor who has furnished money with which to discharge a lien and who is entitled to be subrogated to the rights of the lienholder whose claim has been satisfied. Oury v. Sanders, 77 Tex. 278, 13 S. W. 1030. Or the heirs of J. K. Guest, having an interest by inheritance in the common property, may in a partition seek and secure reimbursement equal to their inherited interest in the funds which had been expended in discharging the debts against the common property. Richmond v. Sims, supra.

[5] The appellants in this suit are seeking to have set apart to them only the interest of Luvandria Guest, the second wife of J. K. Guest, in the property in controversy, and they are entitled to that relief, regardless of any homestead rights which the third wife and the children of J. K. Guest may have in any of the land in controversy. The third wife and her children can claim no homestead rights in the community interest that once belonged to the second wife, Pressley's Heirs v. Robinson, 57 Tex. 453; Gilliam v. Null, 58 Tex. 298, 304. We therefore conclude that the trial court erred in holding that by the payment of the purchase money out of the community of J. K. Guest and his third wife the interest of the appellants in the property was proportionately diminished. He should have awarded to them the community interest of Luvandria Guest and charged it with whatever liability the evidence might show was proper in reimbursing the community of the third marriage for the funds which had been expended in discharging the purchase-money debts.

For the errors indicated, the judgment of the district court will be reversed, and the cause remanded for another trial.