### SEARCY et al. v. BAILEY & GUEST. (No. 2940.)

(Court of Civil Appeals of Texas. Texarkana. June 5, 1924.)

**I. Trusts ⚬⟶77—Payment of part of purchase money by others after title taken, insufficient for resulting trust.**

To create resulting trust in favor 'of others than one in whom title to land bought is taken because of their paying part of purchase money, their payment must be at very time he acquired title, and later payment to discharge his vendor's lien note is not enough.

**2. Evidence ⚬⟶590—Interest and relationship of witnesses makes their credibility question for trial court.**

Interest and relationship of only witnesses testifying to agreement of father to hold land for his sons, namely, father and one son, made their credibility a matter for trial court, and gave court the right to disbelieve them.

**3. Appeal and error ⚬⟶931(1)—In absence of findings, presumption in favor of legal conclusions.**

Findings not being filed by trial judge, every presumption is to be indulged in favor of correctness of his legal conclusions.

Appeal from District Court, Camp County; R. T. Wilkinson, Judge.

Suit by Bailey & Guest against W. L. Searcy, Jr., and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

S. F. Caldwell, of Mt. Pleasant, and Lloyd Price, of Daingerfield, for appellants.

J. D. Bass and C. G. Engledow, both of Pittsburg, for appellees.

HODGES, J. In October, 1917, W. L. Searcy, Sr., purchased from McDonald & Connor 164 acres of land situated in Camp county. The consideration was $3,500, of which $500 was paid in cash and the remainder evidenced by vendor's lien notes. At that time Searcy and his children, who are the appel-

---

⚬⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lants, owned jointly other lands situated in Titus and Morris counties which had been the family homestead and the community property of W. L. Searcy and his deceased wife. The children owned an undivided interest by inheritance from their mother. In December, 1917, about two months after the purchase of the Camp county land, W. L. Searcy, joined by his children, conveyed to McDonald & Connor the lands situated in Titus and Morris counties, in satisfaction of the debt of $3,000 against the Camp county 164 acres. In September, 1918, W. L. Searcy, without the knowledge or consent of his children, executed a deed of trust on the Camp county land in favor of Bailey & Guest, the appellees in this suit, to secure a debt of $2,875. Upon the failure of Searcy to pay that debt at maturity the land was sold by the trustee and purchased by Bailey & Guest.

In August, 1923, Bailey & Guest filed this suit to recover possession of the land, making W. L. Searcy and his children parties defendant. The children claimed in the court below an undivided interest in the land by reason of an alleged agreement between them and their father at the time they sold to McDonald & Connor the Titus and Morris county lands. Testimony was introduced upon the trial showing that W. L. Searcy agreed with his children that if they would join him in conveying that land to McDonald & Connor they might have a $23/35$ undivided interest in the Camp county 164-acre tract. There is no evidence of any written contract to that effect, nor any deed of conveyance from W. L. Searcy to his children. The record contains a partition decree entered in a former suit, apparently in accordance with an agreement of that kind; but that was done some time after the land had been mortgaged to Bailey & Guest.

In a trial before the court a judgment was rendered in favor of Bailey & Guest. In this appeal that judgment is assailed upon the ground that the undisputed evidence shows a resulting trust in favor of the children of W. L. Searcy.

[1,2] The facts do not bring this case within the rule of law which sustains a resulting trust. It has been repeatedly held that in order to create such an interest, when the parties rely upon the payment of a part of the consideration for the purchase of the land, the trust must arise at the very time the title is acquired by the purchaser who is to hold as such trustee. Allen v. Allen, 101 Tex. 362, 107 S. W. 528; Guest v. Guest (Tex. Civ. App.) 208 S. W. 547. Moreover, the only evidence that such an agreement on the part of Searcy to hold the land for the benefit of his children was the testimony of W. L. Searcy and one of his children. The interest and relationship of those witnesses made their credibility a matter for the trial court to pass upon. He had a right to disbelieve them, if they were not credible.

[3] There are no findings filed by the trial judge, and we must therefore indulge every presumption in favor of the correctness of his legal conclusions.

The judgment will therefore be affirmed.