**LUSK v. PARMER et ux.**

No. 4440.

Court of Civil Appeals of Texas. Amarillo.

Oct. 7, 1935.

Rehearing Denied Nov. 25, 1935.

Jno. A. Coffee, of Hereford, for plaintiff in error.

W. H. Russell, of Hereford, for defendants in error.

MARTIN, Justice.

We have concluded that we erred in affirming this case, and to conserve space we substitute this in lieu of the original opinion heretofore rendered.

The parties to this appeal will carry the same designation as in the trial court.

Plaintiff sued defendants to foreclose a judgment lien alleged to exist against a quarter section of land. The defendants by appropriate answer tendered the issue that such land was the separate estate of defendant Pauline Parmer, wife of defendant B. B. Parmer, and not liable for the debts of the latter. Trial was to the court, who rendered judgment for defendants.

The entire case turns on the sufficiency of the evidence to raise the issues found impliedly by the trial court against plaintiff. A discussion of the evidence disposes of all assignments of plaintiff without consuming space in their reproduction. If we comprehend the facts, they are, briefly and in substance, that defendant Pauline Parmer possessed a separate estate

of about $1,500 in cash; that she loaned this during the year 1930 to her husband; that in December, 1930, she decided to purchase and did purchase the quarter section of land in controversy, all on credit from Jones & Smith; that two vendor's lien notes were executed by her and husband, one for $1,600, and the other for $3,720, the latter payable from crops to be grown on the land during crop years 1931 to 1935, both inclusive; that the deed from Jones & Smith failed to recite that such land was to be her separate estate, due to the ·mistake of the scrivener drawing same, but was to her alone as grantee, and it was in fact the intention of herself and husband to make same her separate property; that thereafter, in 1932, her husband repaid her the $1,500 of her separate estate theretofore borrowed, by transferring to her a note inherited from his father's estate; that she used this in payment of the two notes aforesaid, and secured a release of all liens held by her grantors, Jones & Smith.

The record is rather hazy on the exact date of the insolvency of defendant B. B. Parmer. We have concluded it sufficiently shows such insolvency in December, 1930, when the deed to defendant Pauline Parmer was made and delivered. Defendant became indebted to plaintiff about March 6, 1930, in approximately the sum of $1,225. Judgment was rendered against said defendant on this indebtedness on February 26, 1932. This judgment was abstracted on August 11, 1932. The release of the said vendor's lien notes was executed by Jones and Smith on July 1; 1932. This suit was filed to foreclose plaintiff's alleged lien on December 20, 1933.

The legal issue of whether under said facts the land in controversy was sufficiently proven to be community property is sharply drawn and vigorously contested here. Otherwise stated, it is affirmed by defendant and denied by plaintiff that said land was proven to be the separate property of the wife, and therefore admittedly not liable for the husband's debts.

The applicable part of article 4614, R. S. 1925, as amended by Acts 1929, c. 32 (Vernon's Ann. Civ. St. art. 4614), which affects the question at issue is as follows: "All property of the wife, both real and personal, owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, * * * shall be the separate property of the wife."

"Property takes its status as separate or community at the time of ·its acquisition. The status is fixed by the facts of its acquisition at the time of acquisition. McDonald v. Stevenson (Tex.Civ.App.) 245 S.W. [777] 779; Creamer v. Briscoe, 101 Tex. 490, 109 S.W. 911, 17 L.R.A.(N.S.) 154, 130 Am.St.Rep. 869; Stiles v. Hawkins (Tex.Com.App.) 207 S.W. [89] 91; Allen v. Allen, 101 Tex. [362] 365, 107 S.W. 528.

"By the law at the time this property was acquired, a conveyance to either marital partner on an onerous consideration, flowing from the community, made the property conveyed a part of the community assets." Janes v. Gulf Production Co. (Tex.Civ.App.) 15 S.W.(2d) 1102, 1104.

"The question of the status of property purchased on credit is important chiefly only as it applies to purchases by the wife. * * *

"She may acquire property in any way that the husband may acquire property. Her right to purchase upon credit and to become the owner of the thing thus purchased cannot well be denied. It is only required that the purchase be with the bona fide intention to pay therefor from her own funds. * * *

"The fact that the husband joins pro forma in the notes for unpaid purchase money will not change the rule where it is intended by all parties that payment should be made out of the wife's funds and no credit is extended to the husband or the community. * * *

"The good faith of the wife with respect to payment, whether or not she has ·or will have funds to make payment, and the real intention of the parties are always proper subjects of inquiry as affecting the real character of the transaction, and hence determining the status of the property. So the general doctrine may be said to be that the wife may acquire separate property on credit where that credit is her own and not that of her husband, or of the community.

"It has been said, however, the wife cannot become the owner of property in her separate right where it is purchased wholly on credit." 23 Tex.Jur. § 68, pp. 91, 92, 93.

Numerous authorities are cited in support of the text last quoted, including the Supreme Court cases of Ullmann v. Jasper, 70 Tex. 446, 7 S.W. 763; Schuster v. Bauman Jewelry Co., 79 Tex. 179, 15 S.W.

259; Blum v. Light, 81 Tex. 414, 16 S.W. 1090.

We quote further from the case of Harrison v. Mansur-Tibbetts Implement Co., 16 Tex.Civ.App. 630, 41 S.W. 842, 843:

"No case has been cited by appellants, nor have we been able to find any, where the wife can acquire an interest in land on a credit when no part of the purchase money has been paid therefor out of her separate means. * * *

"'A wife's equity in such cases arises from the actual investment of her separate money, or the transfer of her separate property.' As there was no actual investment of Jimmie C. Harrison's separate money, or the transfer of her separate property for the land in controversy, we are of opinion that the same did not become her separate property, and was, therefore, subject to the debts of her husband, L. P. Harrison."

This case has been many times quoted with approval, and has come to be recognized as a leading authority. Applying here these well-settled legal principles, we have a case of a purchase wholly on a credit of 160 acres of land, without any proof of an intention to pay the deferred notes out of the separate estate of the wife. In other words, the entire consideration was a community debt. No separate property of the wife was paid on the consideration at the time of its acquisition, nor promised to be paid. The contract for purchase money was therefore a community obligation, though parol evidence was admissible to show otherwise. Authorities, supra. Its status as that of community property was fixed at the inception of the title.

There was no resulting trust in favor of the wife as suggested by defendant. We quote: "A resulting trust must result, if at all, the instant the title passes, and will not arise on other than the state of facts, existing when the property is acquired. It cannot be created by subsequent occurrences, and, after the legal title has once vested in the grantee of a deed, a resulting trust cannot be raised so as to divest that legal estate by the subsequent application of the funds of a third person to the improvement of the property or to satisfy the unpaid purchase money." 65 C.J. pp. 371, 372. See, also, Allen v. Allen, 101 Tex. 362, 107 S.W. 528, and 23 Tex.Jur. pp. 91, 92.

The defendant wife paid the consideration ultimately and was clearly entitled to reimbursement for such expenditure. However, the case as tried below and presented here was a contest of titles only, there being no pleading upon which a judgment for reimbursement could be based. This was necessary to secure such relief. Allen v. Allen, 101 Tex. 362, 107 S.W. 528.

The case does not seem to have been fully developed. We are of the opinion that justice will be better served by reversing and remanding the case rather than a rendition of it. We may do this, under the facts found here. Waggoner v. Herring-Showers Lumber Co., 120 Tex. 605, 40 S.W.(2d) 1, 4; 3 Tex.Jur. pp. 1218 and 1219.

Motion for rehearing granted and case reversed and remanded.