**George B. PARR et al., Appellants,**

v.

**DUVAL COUNTY, Appellee.**

No. 3331.

Court of Civil Appeals of Texas.

Eastland.

July 19, 1957.

Rehearing Denied Sept. 6, 1957.

Luther E. Jones, Corpus Christi, Willard I. Boss, Asst. U. S. Atty., Houston, Oscar Spitz, Corpus Christi, for appellants.

Sam H. Burris, Dist. Atty., Alice, Sidney P. Chandler, Asst. Atty. Gen., for appellee.

958

LONG, Justice.

This is a suit by Duval County against George B. Parr and Thelma D. Parr to recover title and possession of 55,711 acres of land situated in La Salle and Webb Counties, Texas, known as the Dobie Ranch. The county alleged that in the spring of 1945 George Parr obtained $500,000 from the County Road and Bridge Fund without its consent and he used $422,832.50 of said money to purchase the Dobie Ranch and that he converted the remainder to his own use. The county sought recovery of title and possession on the theory that Parr was holding it in trust for the county. It also claimed damages for the use thereof and for conversion of the money not used in buying said land. The county moved for a summary judgment, alleging that there was no genuine issue of fact existing between the parties and that it was conclusively shown that all the consideration for the Dobie Ranch was paid out of county funds illegally obtained by Parr. On July 13, 1956, the court granted said motion for summary judgment and decreed that the county recover the title and possession of said land. The court reserved for a jury trial·the question of the amount of damages due the county by reason of the fact that Parr had used the land for ten years. Parr, in opposition to said motion for summary judgment, swore that he paid $418,558.59·for said land; that 40.2 percentum thereof was paid out of his personal funds. The suit, in so far as Thelma D. Parr, former wife of George B. Parr, was concerned, was determined and final judgment rendered on the fourth day of September, 1956. She has not appealed. ,The court, thereafter on the 21st day of September, 1956, entered judgment for the county against George B. Parr for damages for the use of the ranch for ten years. This judgment was based upon the stipulation of the parties. The United States of America had a tax lien filed in Webb and La Salle Counties, which attached to all property or rights to property of George B. Parr in those counties. The judgment of September 21st quieted the title to Duval County to the Dobie Ranch, holding, in effect, that Parr had no property interest in the Dobie Ranch to which the federal tax liens could attach. The trial court included in its September 21, 1956, judgment the interlocutory judgment of July 13th awarding the county title and possession of the ranch. Only George B. Parr and the United States of America have appealed.

The county has filed a motion to dismiss the appeal. We have given this motion our careful consideration and find no merit in it. It is, therefore, overruled.

■■■■ Appellants by their first point assert the trial court erred in granting the summary judgment. We believe this point is good and should be sustained. On the hearing of a motion for summary judgment it is the duty of the court to determine whether there are any genuine issues of fact to be tried and not weigh the evidence or determine its credibility. If there is a genuine issue of fact to be determined the motion should not be granted. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Rule 166-A, Texas Rules of Civil Procedure. The title to the land vested at the time of the execution and delivery of the deed to Parr. If the entire consideration was paid out of funds belonging to the county, the equitable title vested in the county; however, if, as Parr alleged in his sworn pleading, 40.2 percentum of the purchase price was paid out of his own funds, the title to that percentum of the ranch vested in Parr when the deed was delivered. Hayworth v. Williams, 102 Tex. 308, 116 S.W. 43; Allen v. Allen, 101 Tex. 362, 107 S.W. 528; Cluck v. Sheets, 141 Tex. 219, 171 S.W.2d 860; Wright v. Wright, 134 Tex. 82, 132 S.W.2d 847; Kountze v. Smith, 135 Tex. 543, 144 S.W. 2d 261; 42 Tex.Jur. 642. There was a genuine issue of fact in the case. It was not conclusively established that the entire consideration for the ranch was paid for out of the funds belonging to Duval County. Parr testified in his deposition that he paid part of the consideration out of his own funds and part of it out of funds be-

longing to the county. The trial court found that on April 25, 1945, $250,000 of the Road and Bridge Fund of Duval County was paid as part of the purchase money of the Dobie Ranch; that on April 26, 1945, $135,638.25 was paid on said purchase price out of the joint bank account of George B. Parr and Thelma D. Parr. The court further found that such sum was on June 13, 1945, repaid to George B. Parr and Thelma D. Parr out of the money belonging to Duval County. As stated, title vested at the time the deed was executed and delivered and the consideration paid. It is immaterial that county funds were thereafter used by the Parrs to replenish their personal account in the amount paid out of their account in the purchase price of the land. The only effect of Parr acquiring additional money from the county, after title vested, was to create a debt to the county. This debt had no connection with title to the Dobie Ranch. The full title to the land had previously vested in the owners of the funds used to buy the ranch. If all the funds used in buying the land belonged to the county, the equitable title vested in the county at the instant the deed was delivered and the consideration paid. If part of the funds belonged to the county and part to Parr, they thereupon became joint owners of the land. The per cent of ownership was determined by the amount furnished by each to pay the consideration. Goddard v. Reagan, 8 Tex.Civ. App. 272, 28 S.W. 352; Broussard v. Tian, Tex., 295 S.W.2d 405; Allen v. Allen, 101 Tex. 362, 107 S.W. 528.

■ George B. Parr alleged that on April 19, 1956, prior to the trial of this case, he and his former wife, Thelma D. Parr, entered into an agreement with the Commissioners Court of Duval County, under the terms of which the Parrs executed a deed conveying the Dobie Ranch to the county and it released all claims against the Parrs for money obtained from the county and the county agreed to give the Parrs a lease on the land for a year. The trial court sustained special exceptions to said pleadings and held that the compromise agreement was void. By points 2 and 3, appellants urge that the court erred in sustaining these exceptions. These points are overruled. The Commissioners Court had no power to enter into the agreement. It was the theory of the county that all of the money used by the Parrs in paying for the ranch belonged to the county. If this is true, the equitable title thereto vested in the county at the time Parr obtained the deed to the ranch. If the county had title to the land at the time of the compromise agreement, the Parrs did not give the county anything of value in settlement of their debt to the county for the money obtained by Parr but not used in the purchase of the ranch and for a lease on the ranch. This settlement was made without the knowledge or consent of the District Attorney who was representing the county in this case. Furthermore, under the holding in Bland v. Orr, 90 Tex. 492, 39 S.W. 558, the Commissioners Court had no power to accept the deed from the Parrs in the settlement of their debt to the county. See also Slaughter v. Hardeman County, Tex. Civ.App., 139 S.W. 662. The record further shows that a majority of the Commissioners Court, shortly after the compromise agreement was made, set the same aside. We have considered all points of error raised by the appellants and find no merit in any of them, except as herein stated.

Because we are of the opinion that the court erred in granting the motion of the county for summary judgment, the judgment is reversed and the cause remanded