## HUDSPETH v. HUDSPETH.
### No. 5755.

Court of Civil Appeals of Texas. Amarillo.
Dec. 2, 1946.

Rehearing Denied Jan. 6, 1947.

Hinson & Ball, of Lubbock, for appellant.

Campbell & Adams, of Lubbock, for appellee.

BOYCE, Justice.

This suit was brought by appellee Elizabeth Hudspeth as plaintiff against appellant Jack Hudspeth as defendant for annulment of a ceremonial marriage (or in the alternative for a divorce), and for the adjudication of property rights. On a trial before the court without a jury, the marriage was annulled and certain property described as the Ritz Theatre in Lubbock and a 1942 Chevrolet automobile were decreed to be the property of the appellee. Discussion of

two points of error, that the court erred in holding the marriage void, and in holding that the property involved in the suit ·was not community property, will dispose of this appeal.

The parties were united by a ceremonial marriage in 1938. The appellant Jack Hudspeth had been previously married to Bertie Lee Hudspeth. The trial judge found that the first wife was living at the time of the second marriage; that the former marriage had not béen dissolved by divorce; that appellant had filed a divorce suit which had been dismissed for want of prosecution; that he and Bertie Lee Hudspeth had had their residences in Johnson County, Texas, for a considerable time, including the date of his marriage to appellee and that appellant, through the use of diligence at the time of the second marriage, could have ascertained his marital status by investigating the court records of Johnson County. On these findings, the trial judge concluded that the second marriage between Jack Hudspeth and the appellee, Elizabeth Hudspeth, was void.

The legal presumption is that the second marriage was valid; this presumption must prevail until rebutted by evidence which negatives the effective operation of every possible means by which a dissolution of the prior marriage could have taken place. Holman v. Holman, Tex.Com.App., 288 S.W. 413, 414; Nixon v. Wichita Land & Cattle Co., 84 Tex. 408, 19 S.W. 560, 561; Casualty Underwriters v. Flores, Tex. Civ.App., 125 S.W.2d 371, 375, writ of error dismissed, judgment correct; Skinner v. Vaughan, Tex.Civ.App., 150 S.W.2d 260, 265, writ of error dismissed, judgment correct. In line with these decisions is the holding that proof that there has been no divorce will not void the second marriage in the absence of proof that the former marriage has not been annulled. Lazarowicz v. Lazarowicz, 91 Misc. 116, 154 N.Y. S. 107, 109. The authorities cited also hold that the burden is on the person attacking the validity of the second marriage to prove that the first has not been dissolved. There was testimony that the first wife had procured a divorce, had remarried prior to the time of the marriage between the parties to this suit and that she had lived in various places other than Johnson County between the time of her separation from the appellant and the time of his marriage to appellee. We do not pass upon the competency of this evidence since the trial judge appears not to have believed it. Appellant and Bertie Lee Hudspeth were married in September, 1928, and lived together for about two months. In January, 1934, appellant filed a petition for divorce from Bertie Lee Hudspeth on the ground of desertion. In May, 1934, Bertie Lee Hudspeth filed an answer consisting of a general demurrer and a general denial. The suit was dismissed for want of prosecution in 1937. Appellant was .a migratory worker and was absent from Johnson County for long periods of time in his employment at various places, one of which was as far away as South America. In our opinion, the case of Holman v. Holman, supra, is in point on the facts and controlling. In that case, the wife testified that she had never obtained a divorce from her first husband and that she had never been served with a citation in a divorce suit brought by him. It was held that this testimony was insufficient to negative a divorce obtained by the first husband on a citation by publication and that the second marriage was valid. It is not shown in this case that Bertie Lee Hudspeth never obtained a divorce from the appellant. Her answer in the suit filed by him does not dispose of the possibility that she had previously or that she subsequently secured a divorce. If she had previously obtained a divorce, such divorce was a defense to the suit brought by appellant which could have been urged had the suit been tried. Furthermore, the facts in this case suggest that grounds for annulment of the marriage between Jack Hudspeth and Bertie Lee Hudspeth existed in that he was nineteen years of age and she was sixteen when they married. The evidence fails to show that their marriage was not annulled. We conclude, therefore, that the evidence was insufficient to support the trial court's holding that the marriage between appellant and appellee is void.

In view of another trial, in which it may develop that a divorce should be granted,

we shall discuss the status of the Ritz Theatre and the Chevrolet automobile with respect to whether they are community property or the separate property of the appellee. Both were conveyed to her without specification that they were her separate property. At the time of the marriage of the parties to this suit, each owned some property, that belonging to appellee greatly exceeding in value that owned by appellant. Among the properties owned by appellee was an undivided one-half interest in a hotel in Odessa, Texas. Subsequent to the marriage, the one-half interest of the other owner, Ada Yates, was purchased with money borrowed from J. E. Parker. To evidence this loan, a note was executed by the appellant and the appellee and it was presumably a community obligation. It was paid with funds derived by appellee from commissions on the sale of silverware, collections of magazine subscriptions, revenues from the operation of the hotel and from proceeds of the sale of appellee's separate property. The hotel was later sold to M. V. McDougal for $3,000 cash and a note for $5,000, payable in semiannual installments of $500 each, bearing interest at the rate of six per cent per annum. The note was payable to Elizabeth Hudspeth, without any recital that it was her separate property. Prior to the filing of this suit, the appellant and the appellee maintained bank accounts with the City National Bank of Houston and the First National Bank of Odessa; there were deposited in the Houston bank in excess of $7,000, of which about $3,000 were deposited by appellee and the remainder by appellant out of his earnings. There were deposited in the Odessa bank the rents and revenues from the hotel, including some of the principal and interest installments on the McDougal note. The Ritz Theatre was purchased for a consideration of $15,000, consisting of $4,300 cash, a $3,500 balance on the McDougal note, a $2,200 balance on another note, which was the separate property of appellee, and a $5,000 note executed by appellee. The cash payment of $4,300 consisted of checks aggregating $3,300 drawn on the First National Bank of Odessa and a check for $1,000 drawn on the City National Bank of Houston.

■■ The wife's earnings are community property; Frame v. Frame, 120 Tex. 61, 36 S.W.2d 152, 154, 73 A.L.R. 1512. Interest on notes owned by her is also community property, Richardson v. Hutchins, 68 Tex. 81, 3 S.W. 276, 280. Profits from the operation of a hotel, even when the same is separate property, are community property. Logan v. Logan, Tex.Civ.App. 112 S.W.2d 515, 524, writ of error dismissed; Hardee v. Vincent, 136 Tex. 99, 147 S.W.2d 1072, 1074. A bank account consisting of separate and community funds commingled in such a manner that neither can be distinguished from the other must be regarded as a community account. Walker-Smith Co. v. Coker, Tex.Civ.App., 176 S.W. 2d 1002, 1007, writ of error refused for want of merit. From these holdings, it appears that the Ritz Theatre, to the extent of the cash payment, is community property. To the extent of the $2,200 balance on the separate property note, it is separate property. John Hancock Mut. Life Ins. Co. v. Bennett, 133 Tex. 450, 128 S.W.2d 791, 796.

■ The effect of the McDougal note and the note given by Mrs. Hudspeth presents more difficult questions. On its face, the McDougal note is community property and the evidence shows that an undivided one-half interest in the property for which it was received in payment was community property. Ordinarily when one party to a marriage allows separate property to become so commingled with community that the separate property cannot be identified, the entire property is community. Rippy v. Rippy, Tex.Civ.App. 49 S.W.2d 494, 496, writ of error refused; Finley v. Pafford, Tex.Civ.App., 104 S.W.2d 163, 165, writ of error dismissed. As it does not appear that any separation of the purchaser's obligation to pay for the interest of the community in the hotel was made from his obligation to pay for the appellee's separate interest in the hotel, it is our opinion that there is such a commingling of the claims of the two estates that the McDougal note must be treated as community property.

■ The presumption is that property bought solely on the wife's credit is com-

munity property. Heidenheimer v. McKeen, 63 Tex. 229; Harrison v. Mansur-Tibbets Implement Co., 16 Tex.Civ.App. 630, 41 S.W. 842; Kearse v. Kearse, Tex. Civ.App., 262 S.W. 561, 564, affirmed, Tex. Com.App., 276 S.W. 690. Although the text writer in Speer's Law of Marital Rights, Sections 293, 294, 369, 429 and 430, criticizes these decisions, his criticism seems not to go to the presumption but rests rather on the idea that if the property eventually is paid for out of the wife's separate funds, it should become her separate property. In this case, we are left entirely to the effect of the execution by Mrs. Hudspeth of the $5,000 note. Does it create a presumption that the property, to the extent of that note, is to be separate property or does it create the presumption that at the time the transaction occurred the property became community property? The Statute, Article 4614 of Vernon's Texas Civil Statutes, does not contain any provision governing the status of property bought solely or in part on the wife's credit. It has been inferred, however, that the lack of such a provision makes such property community property. Kearse v. Kearse, supra; Keys v. Tarrant County Building & Loan Ass'n, Tex.Civ. App., 286 S.W. 593, 595. It is our opinion that the cases cited impel the conclusion that the property, at the time of its purchase, became community property to the extent that the purchase price was evidenced by the note executed by Mrs. Hudspeth.

The 1942 Chevrolet automobile was purchased with funds borrowed by Mrs. Hudspeth and for which she gave her note. From what has been said, it follows that this car is community property.

We do not mean to hold that on an accounting Mrs. Hudspeth is not entitled to reimbursement from the community for the proceeds from her separate property which have been expended in the purchase of the Ritz Theatre and in the payment of the note for the purchase price of the car. On another trial, if it develops that there should be a divorce, an accounting should be had.

For the reasons stated, the judgment is reversed and the cause is remanded for another trial.