**TEXAS EMPLOYERS' INSURANCE ASSO-CIATION, Appellant,**

v.

**Jesusita Quiroz GOMEZ, Appellee.**

No. 3385.

Court of Civil Appeals of Texas.

Eastland.

May 30, 1958.

Rehearing Denied June 20, 1958.

Eskridge, Groce & Hebdon, San Antonio, for appellant.

Schweppe, Schweppe & Allison, San Antonio, for appellee.

COLLINGS, Justice.

Jesusita Quiroz Gomez brought this suit against Texas Employers' Insurance Association. She alleged that she was the surviving widow of the deceased employee, Esperidian H. Gomez, and was entitled to death benefits under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., by reason of her husband's death while in the scope of his employment. The defendant Texas Employers' Insurance Company answered and denied liability on the ground that the claimant was never legally married to Esperidian H. Gomez. It alleged that at the time of plaintiff's purported marriage to Esperidian H. Gomez on August 7, 1945, she was already married to Abraham Gonzales, whom she had married on September 3, 1938, and that at the time of the death of Gomez her prior marriage to Gonzales had never been dissolved by divorce or annulment and was still a valid and subsisting marriage. One special issue was submitted to the jury, in answer to which it was found that just prior to his marriage to plaintiff, Jesusita Quiroz, Abraham L. Gonzales was not a single man. Judgment was entered for the plaintiff Jesusita Quiroz Gomez. Texas Employers' Insurance Association has brought this appeal.

It is contended in appellant's first point that the trial court erred in entering judgment for appellee because there was no evidence that either she or her first husband, Abraham L. Gonzales, had dissolved their prior marriage. In this connection the evidence shows without dispute that Jesusita Quiroz Gomez married Abraham L. Gonzales on September 3, 1938, in the state of Wisconsin. Thereafter on June 7, 1941, appellee Jesusita Quiroz Gomez was married to Ramon Rodriguez. One child, to-wit, Robert Quiroz Rodriguez, was born of this second marriage. On August 7, 1945, the marriage relationship of appellee and Ramon Rodriguez was dissolved by a divorce. On the same day she married Esperidian H. Gomez. No children were born of appellee's marriage to Abraham L. Gonzales or to Esperidian H. Gomez, and it is stipulated that Robert Quiroz Rodriguez, the child of appellee's second marriage, was not adopted by Gomez and was not entitled to any benefits under the Workmen's Compensation Act. It is true, as urged by appellant, that there was no positive testimony that either appellee or her prior husband Abraham L. Gonzales ever secured a divorce or an annulment of their marriage. On the contrary appellee Jesusita Quiroz Gomez testified that never at any time between the time of her marriage to Abraham L. Gonzales on September 3, 1938, and the time of Esperidian H. Gomez's death on March 15, 1954, did she obtain a divorce or annulment of her marriage to Gonzales, Abraham L. Gonzales testified by written deposition that no court had to his knowledge ever entered a decree of divorce dissolving the marriage relationship between him and Jesusita Quiroz Gomez.

Even so, appellant's first point, in our opinion, is not well taken. Appellant apparently assumes that the burden was on appellee to prove that her marriage with Abraham L. Gonzales had been dissolved or annulled prior to her marriage with Gomez. Such is not the case. A subsequent marriage is presumed to be valid and the burden of proving the contrary rests upon the party who questions the validity of the subsequent marriage. 55 C.J.S. Marriage § 43, pp. 893, 894. In the case of Hudspeth v. Hudspeth, Tex.Civ.App., 198 S.W.2d 768, 770 (RNRE), it is stated as follows:

"The legal presumption is that the second marriage was valid; this presumption must prevail until rebutted by evidence which negatives the effective operation of every possible means by which a dissolution of the prior marriage could have taken place. Holman v. Holman, Tex.Com.App., 288 S.W. 413, 414; Nixon v. Wichita Land & Cattle Co., 84 Tex. 408, 19 S.W. 560, 561; Casualty Underwriters v. Flores, Tex.Civ.App., 125 S.W.2d 371, 375, writ of error dismissed, judgment correct; Skinner v. Vaughan, Tex.Civ.App., 150 S.W.2d 260, 265, writ of error dismissed, judgment correct. In line with these decisions is the holding that proof that there has been no divorce will not void the second marriage in the absence of proof that the former marriage has not been annulled."

It was held in the Hudspeth case that proof that there had been no divorce dissolving a prior marriage did not invalidate the second marriage in the absence of proof that the former marriage had not been annulled. That is exactly the situation in the instant case. Appellee Jesusita Quiroz Gomez admitted that she had never secured a divorce from Abraham L. Gonzales, nor had she secured an annulment. Abraham L. Gonzales testified in effect that he had not secured a divorce from appellee but he did not testify as to whether or not he had obtained an annulment of their marriage. It follows that appellant has failed to negative every possible means by which a dissolution of the marriage between appellee and Abraham L. Gonzales could have taken place.

The presumption in favor of the validity of a duly contracted marriage was dis-

cussed at length by our Supreme Court in the case of Texas Employers' Insurance Ass'n v. Elder, 155 Tex. 27, 282 S.W.2d 371, 373, in which Hudspeth v. Hudspeth, supra, was cited with approval. Judge Hickman, speaking for the court in the Elder case, stated as follows:

"The presumption in favor of the validity of a marriage which, as in this case, has been duly shown to have been contracted is one of the strongest, if, indeed, not the strongest, known to law. 'The presumption is, in itself, evidence, and may even outweigh positive evidence to the contrary. The strength of the presumption increases with the lapse of time, acknowledgments by the parties to the marriage, and the birth of children; and the fact that the legitimacy of a child may be involved is a factor in sustaining the validity of the marriage.' 55 C.J.S., Marriage, § 43, pages 892–893. It is well that the presumption should be so regarded for it is grounded upon a sound public policy which favors morality, innocence, marriage, and legitimacy rather than immorality, guilt, concubinage, and bastardy. * * * Many cases from various jurisdictions supporting the rule that marriage once being shown, is presumed to be valid are collated in annotations in 34 A.L.R. 464, 77 A.L.R. 729, and 14 A.L.R.2d 7."

After their marriage on September 3, 1938, appellee Jesusita Quiroz and Abraham L. Gonzales lived together as husband and wife for only about five or six months. Gonzales then left appellee. Thereafter on July 7, 1941, appellee married Ramon Rodriguez and lived with him as his wife until that marriage was dissolved by a divorce. One child was born of that marriage. On August 7, 1945, appellee married Esperidian H. Gomez and lived with him as his wife until his death in 1954. Gonzales has married another woman by whom he has three children whose ages are 15, 12 and 5 years. If the marriage of appellee and Abraham L. Gonzales is still valid and subsisting, undissolved by divorce or annulment, then the two subsequent marriages of appellee and the one subsequent marriage of Gonzales are void and appellee's son and the three children of Gonzales are illegitimate. Such a result is the impelling reason for the operation of the presumption of validity of subsequent marriages, which presumption may be rebutted only by evidence which negatives every possible method by which the prior marriage could have been dissolved. The marriage of appellee and Gonzales could have been dissolved by an annulment suit by Gonzales. There is no evidence that Gonzales did not bring such an annulment suit and annul the marriage. In this state of the record the trial court correctly held that appellee Jesusita Quiroz Gomez was the lawful wife of Esperidian H. Gomez at the time of his death, and as his widow was entitled to benefits provided under the Workmen's Compensation Act. The evidence required the judgment rendered. Other points urged by appellant are under the circumstances immaterial and need not be discussed.

The judgment of the trial court is affirmed.