**CONSOLIDATED UNDERWRITERS,**
Appellant,

v.

**Angie Jones KING, Appellee.**

No. 10629.

Court of Civil Appeals of Texas.

Austin.

Dec. 17, 1958.

Rehearing Denied Jan. 7, 1959.

Ramey, Calhoun, Brelsford, Hull & Flock, Eugene Cavin, Tyler, for appellant.

McDaniel, Hunt & Fairchild, Center, for appellee.

ARCHER, Chief Justice.

This was an action by Angie Jones King, who claimed to be the widow of McKinley King, for death benefits under the Workmen's Compensation Law of Texas, Vernon's Ann.Civ.St. art. 8306 et seq., because of the death of McKinley King. In a trial before the Court without a jury, judgment was entered for plaintiff, and defendant appeals from this judgment.

It was stipulated that McKinley King died as the result of an accidental injury sus-

# 344

tained in the course of his employment for McCoy Brothers Lumber Company.

■ This appeal is based on two points assigned as error and are:

"First Point: The Trial Court erred in awarding plaintiff a recovery against defendant under the Workmen's Compensation Law of Texas, since the policy on which plaintiff attempted to recover, by its express terms, provided workmen's compensation coverage under the law of Louisiana only.

"Second Point: The Trial Court erred in awarding plaintiff a recovery, since plaintiff is not a beneficiary entitled to recover under the Texas Workmen's Compensation Act."

Appellee makes three counterpoints to the effect that the Court correctly awarded judgment to plaintiff under the Workmen's Compensation Law of Texas, because the insurance in question was subject to the laws of Texas, and plaintiff was a beneficiary entitled to recover under the law.

Counterpoints Nos. 4 and 5 are directed to the action of the Court in overruling plaintiff's motion to strike the statement of facts and that the appeal is for delay only and sought ten per cent to be added to the judgment for damages.

We believe that the Trial Court was justified in awarding plaintiff judgment under the Workmen's Compensation Law of Texas, because the deceased was covered by a policy of Workmen's Compensation Insurance issued by the defendant, appellant herein, to the employer of the deceased, and that the policy is subject to the laws of Texas, which are a part of the policy. Appellant was operating in Texas and was issuing policies covering risks located in Texas, and is subject to the laws of Texas. Prudential Insurance Co. v. Benjamin, 328 U.S. 408, 66 S.Ct. 1142, 90 L.Ed. 1342; Hoopeston Canning Co. v. Cullen, 318 U.S. 313, 63 S.Ct. 602, 87 L.Ed. 777; Ocean Accident & Guarantee Corporation v. Indus-

trial Comm., 32 Ariz. 275, 257 P. 644; American Hospital & Life Insurance Co. v. Federal Trade Commission, 5 Cir., 243 F.2d 719.

In Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149, it was held that a Louisiana employee working in Texas temporarily who had been injured and recovered compensation in Texas, then sought recovery in Louisiana, the insurer defended on the ground that the award in Texas was final, was binding on Texas Courts and on Louisiana Courts under the full faith and credit clause.

In Pacific Employers Insurance Company v. Industrial Accident Commission, 306 U.S. 493, 502, 59 S.Ct. 629, 83 L.Ed. 940, it was held that the State where the injury occurred is free to apply its own law to the exclusion of the State of the employer and employee.

A similar holding was in Tucker v. Texas Company, 5 Cir., 203 F.2d 918.

The appellant was at all times material licensed to do business in Texas and to write insurance covering risks located in Texas.

The policy in question was written during the year ending May 31, 1956. It was to cover the operations of the insured in Logansport, Louisiana and vicinity and Logansport is just across the Sabine River from Shelby County, Texas, where the deceased was killed.

Appellant's position is that the policy covered the accident, but only under the Louisiana Law. Appellant issued a number of checks to appellee which it admitted were due for the death of her husband, but that it was liable only under the Louisiana Law.

Item 3 as used in the policy reads as follows:

"III Definitions:

"(a) Workmen's Compensation Law. The unqualified term 'workmen's compensation law' means the workmen's

compensation law and any occupational disease law designated in Item 3 of the Declarations, but does not include those provisions of any such law which provide non-occupational disability benefits."

E. C. McCoy's application provided for statutory medical attention and such application and the subscriber's agreement are made a part of the policy.

Appellant had been issued a certificate of authority to do business in Texas at the time the policy was written, upon its having filed an affidavit showing compliance with the laws of Texas and had filed a copy of the form of the proposed policy, containing a provision that:

"16. Terms of Policy conforming to Statute—Coverage A.

"Terms of this policy which are in conflict with the provisions of the workmen's compensation law are hereby amended to conform to such law."

■ Provisions of the Texas Insurance Code are conditions upon which foreign insurance corporations are permitted to do business in the State. Art. 21.43, Insurance Code, V.A.T.S.; Howell v. Knox, Tex. Civ.App., 211 S.W.2d 324, er. ref., N.R.E.; United States Insurance Company of Waco v. Boyer, 153 Tex. 415, 269 S.W.2d 340.

■ Insurance contracts are liberally construed against the insurer and in favor of the subscriber's employees as their beneficiaries. McCarthy, Inc., v. Southern Underwriters, Tex.Civ.App., 192 S.W.2d 469, er. ref., N.R.E.

■ We believe that appellee is a beneficiary entitled to recover under the Texas Workmen's Compensation Act.

■ Appellee offered testimony by others, and testified, that she and McKinley King, the deceased employee, were married with a ceremonial marriage on the 26th of October, 1942, in DeSota Parish, Louisiana, and lived with the deceased until his death. No children were born to the marriage, and under the evidence appellee is the sole beneficiary entitled to Workmen's Compensation under the laws of Texas.

The burden was on appellant to show that the marriage was not a valid one, after the appellee had offered evidence of the ceremonial marriage. Appellant contends that at the time of the alleged ceremonial marriage appellee was married to L. C. Jones and therefore not capable of entering into a valid marriage.

There was no showing of evidence that the prior marriages were not dissolved in some legal manner. Jones lived within 100 miles of Center, Texas, but was not called to testify in person or by deposition.

Texas Employers' Insurance Association v. Gomez, Tex.Civ.App., 313 S.W.2d 956, er. ref. N.R.E., is a case that appears to be decisive of this question.

We see no reversible error in the action of the court in overruling appellee's motion to strike the statement of facts. We overrule appellee's motion to add ten per cent to the amount of the recovery, under Rule 438, Texas Rules of Civil Procedure, since we believe that appellant acted in good faith believing in the correctness of its legal position.

We have given careful consideration to the brief and argument with cited authorities but believe the judgment of the Trial Court to be justified. The judgment of the Trial Court is affirmed.

Affirmed.

HUGHES, J., not sitting.