**H. E. WATSON et al., Appellants,**

**v.**

**Margaret TODD, Appellee.**

**No. 15983.**

Court of Civil Appeals of Texas.

Fort Worth.

March 13, 1959.

June R. Welch, Grand Prairie, for appellants.

Nelson, Montgomery, Robertson, & Sellers, and Charles B. Russell, Jr., Wichita Falls, for appellee.

RENFRO, Justice.

The question before is us whether the trial court abused his discretion in refusing to set aside a default judgment. Judgment was rendered on May 26, 1958, which found a certain 234 acre tract of land in Young County to be the community property of plaintiff Margaret Todd and her deceased husband, W. B. Todd, that plaintiff lived upon, used and occupied the property as her homestead. She was decreed an undivided one-half interest in the property and a designated 200 acres therein was set aside to her as her homestead in accordance with the provision of the Texas Probate Code, § 271, V.A.T.S.

Defendants were two children and a grandchild of W. B. Todd, beneficiaries under his will, and the executor named in the will.

The court filed detailed findings of fact, and concluded that defendants failed to establish that their failure to appear at the trial was not due to inattention or neglect, and that the defendants failed to evidence that they had a meritorious defense to plaintiff's cause of action.

The court specifically found, on evidence supported by the record, that the case was originally filed May 7, 1957, and the only pleading ever filed by defendants was a general denial; the case was set for trial for May 8, 1958, and both sides duly notified; that due to illness of the Judge the setting was cancelled but defendants, not knowing of such cancellation, never-theless failed to appear for the scheduled trial; thereafter attorneys for both sides were notified the cause was set for May 26, 1958; defendants' attorney was also notified by plaintiff's attorney that the cause was set for May 26; defendants' attorney Cober did not acknowledge either letter of notification; both letters were received in the office of defendants' attorney in due course of mail; on the 26th, "after waiting some time," the court heard· the evidence and rendered the judgment of which complaint is made; that on the hearing of the motion for new trial the explanation offered by defendants for. failure to appear was the negligence of an ·office employee of defendants' attorney in erroneously noting on the office calendar the date May 28.

Defendants' purported defense was that Margaret Todd was not the legal wife of W. B. Todd, deceased, and therefore was not entitled to homestead rights.

The court found that plaintiff and W. B. Todd entered into a ceremonial marriage on May 7, 1927, and continued to live together as husband and wife, holding themselves out to the public as such until W. B. Todd's death in October, 1956; prior to Todd's marriage to plaintiff he was married to Myrtle Todd; Myrtle bore him three children; Myrtle secured a divorce from Todd on March 5, 1928 (defendants attacked the legality of said divorce judgment); in 1935 Myrtle married O. O. Ketchersid and has continued to live with him as his wife; that the property in suit was acquired by plaintiff and W. B. Todd in 1945, and they occupied it together as a homestead until Todd's death, and after Todd's death plaintiff continued to so occupy it; "that the only evidence as to a meritorious defense to the plaintiff's cause of action adduced by the defendants at such hearing on their motion for new trial consisted of the testimony of their attorney, Walter A. Cober, to the effect that he expected a sister of the deceased, W. B. Todd, one Peggy Wat-

son, a resident of the State of California, to testify at a trial of the cause as to the motives of the plaintiff in entering into the marriage with the deceased, W. B. Todd, and that she knew such relationship was meretricious, and the first wife of the said W. B. Todd, Myrtle Todd, now Myrtle Ketchersid, to testify as to the facts and circumstances surrounding the divorce suit filed by her in Harmon County, Oklahoma, in 1927. That no affidavits from such witnesses were offered. That no evidence was adduced by the defendants at such hearing with regard to whether or not W. B. Todd obtained a divorce from Myrtle Todd prior to his marriage with the plaintiff or as to whether either W. B. Todd or Myrtle Todd obtained an annulment of their marriage to each other, and no testimony that any such evidence could or would be offered at a trial of the cause was adduced at such hearing."

▇ The presumption in favor of the validity of a marriage, which, as in this case, has been duly shown to have been contracted, is one of the strongest, if, indeed, not the strongest, known to law. The presumption is, in itself, evidence, and may even outweigh positive evidence to the contrary. The strength of the presumption increases with the lapse of time. Texas Employers' Insurance Ass'n v. Elder, Tex.Sup., 282 S.W.2d 371.

The plaintiff, after her marriage to Todd, lived with him as his wife until his death twenty-nine years later. Myrtle, the first wife, married again in 1935 and was still living with her second husband at the date of the trial.

▇ Defendants did not contend that, in the event of a new trial, they could prove that Todd did not obtain a divorce from Myrtle prior to his marriage to plaintiff. Neither did they claim they could prove that neither Myrtle nor Todd was granted an annulment of their marriage prior to Todd's marriage to plaintiff. In view of the strong presumptions in favor of the validity of the marriage of plaintiff and Todd, and Mrytle and Ketchersid, we believe the defendants, by the offering made at the hearing on the motion for new trial, failed to show a meritorious defense. See Skinner v. Vaughan, Tex.Civ.App., 150 S.W.2d 260; Texas Employers' Insurance Ass'n v. Gomez, Tex.Civ.App., 313 S.W.2d 956; and Consolidated Underwriters v. King, Tex. Civ.App., 319 S.W.2d 343. The defendants failed to show, or offer evidence that they could show, that Todd's marriage to Myrtle had not been dissolved in some legal manner prior to his marriage to plaintiff. The burden was on defendants to make such showing. Consolidated Underwriters v. King, supra.

▇▇ The granting or denial of a new trial rests largely within the discretion of the trial court, and its action will not be disturbed upon appeal except for manifest abuse of discretion. All presumptions are in favor of an order granting or denying a new trial. 31 Tex.Jur. 12.

▇ After a careful study of the record, we have concluded that we cannot say that the trial court abused his discretion in holding that defendants failed to show their failure to appear at the trial was not due to their inattention or neglect, and that defendants failed to evidence that they had a meritorious defense.

All defendants' points of error are overruled and the judgment of the trial court is affirmed.