**John BARKER, Appellant,**

v.

**Eunice LEE et al., Appellees.**

No. 3535.

Court of Civil Appeals of Texas.

Eastland.

June 17, 1960.

Lewis D. Fisher, Houston, for appellant.

J. A. Collier (Deceased), Paul A. Taylor, Houston, for appellees.

COLLINGS, Justice.

This suit was brought by Wilson King and Eunice (King) Lee against John Barker seeking a partition of lots 322 and 323 in Block 15 of Lincoln City, Section 2, an addition to the City of Houston. Plaintiffs alleged that they were the surviving husband and daughter, respectively, of Emma King, deceased; that, as such, plaintiff Wilson King was entitled to a husband's community interest in the alleged undivided ½ interest owned by the said Emma King and that the plaintiff Eunice (King) Lee was entitled to the interest in said property of an only child of the said Emma King, deceased.

The case was tried before the court without a jury and judgment entered decreeing, in effect, that John Barker and Emma King jointly acquired title to the property in question and that each owned an undivided ½ interest therein at the time of the death of Emma King; that Wilson King and Emma King were legally married to each other at the time of Emma King's death; that as the surviving husband of Emma King, Wilson King was entitled to a community interest of ½ of Emma King's estate; that Eunice Lee was the only surviving child or descendant of Emma King and, as such, was entitled to inherit her mother's ¼ community interest in said lots. It was further found by the court that said property was not susceptible of partition in kind. It was ordered that the property be sold by a receiver appointed by the court, and that the proceeds, less costs, be divided ½ to John Barker and ¼ each to Wilson King and Eunice Lee. John Barker has appealed.

The evidence shows that Wilson King and Emma King were ceremonially married in about 1908 in the state of Louisiana; that they lived together as husband and wife for about 18 years; that one child, to-wit: appellee Eunice (King) Lee, was born of said marriage; that in 1926 when Eunice was 16 years of age Emma King left her husband and she and her daughter Eunice came to Houston to live; that about three weeks later Eunice became ill and Emma sent for her husband Wilson King and he came to Houston to see about his daughter; that Wilson King and Emma King never again lived together as husband and wife, but both, at all times thereafter until Emma's death, lived in Houston and each had knowledge of the place of residence and address of the other. The evidence shows that in 1928 appellant John Barker and Emma King, also known as Emma Barker, mutually agreed to be married and to thereafter live together as husband and wife; that from the date of such agreement until the time of Emma's death she and appellant did live together, cohabiting and in all respects conducting themselves as husband and wife, holding themselves out to the public generally as such.

Appellant Barker contends (1) that the court erred in holding that the deceased was legally married to Wilson King at the time of her death; that the evidence conclusively shows all the elements of a common-law marriage between him and Emma King and that the evidence does not effectively rebut the legal presumption of the validity of such marriage; (2) that, even if Emma and Wilson King were never divorced or their marriage otherwise dissolved, the court still erred in denying appellant's homestead rights in the land because the evidence showed that appellant and Emma King entered into a common-law marriage without any knowledge on the part of Barker of any legal impediment on the part of Emma King to contract such a marriage and (3) in any event the court erred in not holding that appellant was entitled to continue to enjoy a homestead right in the property as a result of a joint or common enterprise of appellant and the deceased.

▆ As contended by appellant, a subsequent marriage is presumed to be valid

and the burden of proving to the contrary is upon the party who questions the validity of the subsequent marriage. 55 C.J.S. Marriage § 43, pp. 893, 894; Texas Employers' Ins. Ass'n v. Elder, 155 Tex. 27, 282 S.W.2d 371; Hudspeth v. Hudspeth, Tex.Civ.App., 198 S.W.2d 768; Texas Employers' Ins. Ass'n v. Gomez, Tex.Civ.App., 313 S.W.2d 956.

■ We cannot agree, however, with appellant's contention that the evidence fails to show that the purported common-law marriage in 1928 between him and Emma King was an invalid marriage. The evidence shows the Emma King was married to Wilson King; that they were ceremonially married in 1908 and that such marriage was never dissolved by divorce or annulment. Since such marriage relationship between Emma King and Wilson King was at all material times a valid subsisting marriage, the subsequent purported common-law marriage between Emma King and appellant was invalid.

■ Appellant particularly urges that appellees did not discharge their burden in that they did not negative every possible means by which the prior marriage could have been dissolved. He urges that the evidence does not negative the possibility of a dissolution of the prior marriage by a proceeding where service on appellee Wilson King could have been had by publication. Appellant's contention in this respect is not well taken. In the first place Emma King's daughter Eunice testified that she had been very close to her mother all through the years and knew that her mother never secured a divorce or annulment of her marriage to Wilson King. In addition, there is ample evidence showing that Emma King at all material times knew the address and place of residence of her husband, Wilson King, in Houston and knew where he could be found and how to get in touch with him if she desired. It is not reasonable to presume that she would have perpetrated a fraud upon a district court by swearing that she did not know the residence of appellee King in order to cite him by publication. The evidence supports the holding of the trial court that Emma King was legally married to Wilson King at the time of her death and at all times material hereto and that her purported common-law marriage to appellant was invalid.

■ We overrule appellant's points 2 and 3 urging, in effect, that he was entitled to a homestead right in the land even though his purported marriage to Emma King was invalid. Appellant's contention in this respect is based upon (a) his theory of a putative marriage relationship between him and the said Emma King and (b) the establishment of his claimed homestead rights in the property by reason of a joint or common enterprise of appellant and the deceased. Article 3832, Vernon's Ann. Texas Civ.St., provides for the exemption of a homestead for a family. To constitute a homestead under this statute there must be a family, and the family if it consists of a man and wife must exist by authority of law. A claim of homestead is not available to a man and woman living together in violation of law by reason of a joint or common enterprise. Middleton v. Johnston, Tex.Civ.App., 110 S.W. 789; Senegar v. LaVaughan, Tex.Civ.App., 230 S.W.2d 311; Plough, Inc. v. Moore, Tex. Civ.App., 56 S.W.2d 681. There were no children born of the purported common-law marriage relationship between appellant and Emma King whom appellant might have had the duty to support under circumstances which would constitute a family relationship.

■ Appellant further contends that the purported common-law marriage between him and Emma King was entered into under the assumption and belief that Emma was free to enter into a valid marriage. He urges that under these circumstances he is entitled to homestead rights in the property acquired during the period of time

that he lived with the said Emma King under the mistaken belief that she was his wife. Appellant has cited us no authorities in support of his contention in this respect. We find it unnecessary to pass upon the correctness of his legal contention because the facts are against him. In support of the judgment it must be presumed that the court found appellant did not in good faith believe he was married to Emma King.

The evidence supports the implied finding. The evidence shows that appellant Barker was informed on several occasions during the time he was living with the deceased that she was still married to Wilson King. Appellant's second and third points are overruled.

The judgment of the trial court is affirmed.