.NORTHWESTERN DISTRIBUTORS, INC.,
Appellant,

v.

CITY OF FORT WORTH et al., Appellees.

No. 16502.

Court of Civil Appeals of Texas.

Fort Worth.

March 27, 1964.

Rehearing Denied April 24, 1964.

Richard T. Churchill, Fort Worth, for appellant.

S. G. Johndroe, Jr., City Atty., Fort Worth, for appellees.

LANGDON, Justice.

This is a tax suit filed May 31, 1961 by the City of Fort Worth and the Fort Worth Independent School District for the collection of delinquent ad valorem personal property taxes, penalties and interest against the defendant, Northwestern Distributors, Inc., a corporation. On June 20, 1961, intervenors, State of Texas, Tarrant County, Tarrant County Water Control and Improvement District No. 1 and Tarrant County Hospital District filed their petition in intervention to recover taxes, penalties and interest alleged to be due each of them. The defendant filed answers to the original suit and to the petition of the intervenors on July 18, 1961 and March 18, 1963 respectively. On May 22, 1963 the original plaintiffs filed their first amended original petition to recover additional delinquent taxes, penalties and interest alleged to be due them for the years 1958 through 1962, inclusive. The case was regularly set for trial on the merits with due and proper

notice to all parties at 3:00 P.M. on May 31, 1963. The six taxing authorities each appeared, announced ready and participated in the trial. Each presented substantial, material and probative evidence sufficient to prove every fact necessary to support their respective claims. In addition to testimony the official records of each were introduced into evidence and a prima facie case made in conformity with Art. 7328.1 et seq., Vernon's Ann.Civ.St. of Texas. The defendant failed to appear. Judgment was accordingly entered against the defendant and it appeals, contending that the Court erred in granting judgment against it when there is no proof or insufficient proof that it or its counsel was duly notified of the trial setting prior to the hearing and in overruling its motion for new trial based upon the same grounds. We affirm. The six separate and independent taxing authorities will be referred to as appellees and the defendant as appellant.

■ Neither the trial on the merits nor the motion for new trial was reported by the official court reporter, or otherwise, and was not requested nor made an issue by either party. Findings of fact and conclusions were filed by the court and its judgment contains considerable findings. According to such findings the appellees requested the clerk of the trial court to set the case for trial on three separate occasions, i. e., March 22, April 26, and May 31, 1963. Each request was made by letter to the clerk copy of which on each occasion was mailed to the appellant's attorney of record at his last known address. The first two settings were continued or postponed by agreement at the request of the appellant's attorney. The first was due to a change of attorneys and the second to a conflict. The third and final notice of setting was mailed to appellant's attorney at the same address as the second notice and reached his office several days before the date set for trial. According to his own admission the appellant's attorney was in town on the day of the trial. As previously stated he did not appear in court at the time set for trial nor did he make any request for postponement or continuance of the trial. On receipt of the second notice mailed to the same address as the third notice the appellant's attorney did not advise the court or the appellees of any change of address nor did he make any request that his mail be directed to him at a different address. In the absence of such notice or request on the part of the appellant's attorney the appellees could presume that the address was a correct one.

The trial court further found that appellant's attorney in the motion for new trial and at the hearing thereon did not present any meritorious defense to the claims against it. Watson v. Todd, Tex.Civ.App., 322 S.W.2d 422.

■ The expressed findings of the court and those implied from the nature of the judgment rendered will not be disturbed upon appeal where there is some evidence to support them even though the reviewing court might have reached a different conclusion therefrom. Associates Inv. Co. v. Thomas, 210 S.W.2d 413; Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683; Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600. See 3-A Tex.Jur., § 458, p. 585.

All points of error are overruled and the judgment of the trial court is accordingly affirmed.

Affirmed.