**Dorothy TARVER, Appellant,**

v.

**ED C. SMITH & BRO., INC., Appellee.**

**No. 16725.**

Court of Civil Appeals of Texas.

Fort Worth.

April 1, 1966.

John A. Pace, Dallas, for appellant.

Ewing Jones, Dallas, for appellee.

RENFRO, Justice.

Plaintiff Ed C. Smith & Bro., Inc., brought suit against defendant Mrs. Dorothy Tarver, also known as Mrs. Chas. L. Tarver, Jr., on a written contract under the terms of which defendant agreed to pay plaintiff $1,322.50 for furnishing materials and conducting the funeral of Chas. L. Tarver, Jr.

Defendant was duly served with process but did not file an answer.

Default judgment was entered for plaintiff on April 28, 1965.

On April 30, 1965, defendant filed motion for new trial.

The motion set out prior dealings between defendant and the attorney who filed the motion for new trial. The motion alleged he had terminated his agreement with

defendant on December 10, 1964. At a subsequent date he was reemployed as co-counsel with Mr. Mayer. It was alleged: "Subsequently, letters were written to the Defendant by Jules F. Mayer and John A. Pace with reference to conferences concerning the matters in which Mr. Mayer had been employed, the latest of which was on the 8th day of April, 1965, requesting a meeting with the Defendant the middle of the week of April 19th, 1965, at a mutually convenient time." It was further alleged that the attorney believed that a reply would be received with reference to the proposed conference, but no reply was received. It was further alleged that defendant had a valid defense in that she thought the Independent Executor had paid the debt to plaintiff.

It was not alleged that the matter of plaintiff's debt was ever discussed in the letters written to her by her attorneys, and it was not alleged that plaintiff's debt was one of "the matters in which Mr. Mayer had been employed."

It was not alleged that plaintiff ever received any communication from defendant or her attorneys concerning its debt and suit against defendant.

There was no allegation that defendant delivered the citation to her attorneys or informed them of the suit.

The evidence introduced at the hearing on the motion for new trial was substantially the same as the allegations in the motion for new trial.

In addition, a letter dated July 18, 1962, written by the Executor of the estate of Chas. L. Tarver, Jr., was introduced, in which the Executor stated that the creditors of Charles L. Tarver had been paid "except two of them." The two unpaid creditors were not identified.

The court found that Mr. Pace was not guilty of any negligence. He made no such finding as to defendant.

The motion for new trial was overruled, from which order defendant appealed.

 It is well settled that the grant or denial of a new trial rests largely within the discretion of the trial court, and its discretion will not be disturbed on appeal except for manifest abuse of discretion. 41 Tex.Jur.2d pp. 29–31, § 3, and cases cited.

After a careful study of the entire record we have concluded that we cannot say the court abused its discretion.

Affirmed.