**H. T. D. INVESTMENT CORPORATION,**
Appellant,

v.

**Lester REEVES, Appellee.**

**No. 16901.**

Court of Civil Appeals of Texas.

Dallas.

March 31, 1967.

Allen Melton, Dallas, for appellant.

Robt. A. Baker, of Geary, Brice & Lewis, Dallas, for appellee.

DIXON, Chief Justice.

H. T. D. Investment Corporation has appealed from a judgment in a nonjury trial in favor of appellee Lester Reeves for $600 held to be due as a brokerage fee.

In written findings the court found that officers of appellant corporation employed appellee to obtain a first lien loan of $60,000 at six per cent interest on real estate owned by the corporation and agreed orally to pay appellee one per cent of the loan as a brokerage fee; that appellee obtained a loan for appellant from Western National Life Insurance Company, the loan being fully satisfactory to appellant; and that thereafter appellant refused to pay appellee his fee.

The court concluded that the contract was valid and enforceable and had been fully performed by appellee, therefore appellant was liable.

In five points on appeal appellant asserts in substance that the court erred in finding that the performance of appellee was fully satisfactory to appellant, and erred in concluding that appellant was liable under the terms of the contract.

The testimony in some particulars is conflicting. Two of appellant's officers testified that they agreed to pay appellee a brokerage fee of one per cent, but that they agreed to pay only one fee of one per cent; that in order to close the loan they were required to pay a closing fee of one per cent to the insurance company, of which fact appellee was well aware; and that to pay appellee also a brokerage fee of one per cent would be in violation of their agreement that they would pay only one fee of one per cent.

Appellee's testimony supports the findings and conclusions of the court. Appellee's position is that the payment by appellant to the insurance company, the lender, of a closing fee of one per cent in no way affects appellant's agreement to pay him a one per cent brokerage fee for obtaining the loan. Appellant's check was by its terms made payable to the insurance company, not to appellee.

It is undisputed that appellee did obtain the loan for appellant.

Since there was evidence to support the court's findings they are binding on this court. Willson v. Johnston, 404 S.W.2d 870 (Tex.Civ.App., Amarillo, 1966); Northwestern Distributors, Inc. v. City of Fort Worth, 377 S.W.2d 783 (Tex.Civ.App., Fort Worth, 1964, no writ. hist.).

The judgment of the trial court is

Affirmed.