**MUENSTER MANUFACTURING COMPANY et al., Appellants,**

v.

**MUENSTER INDUSTRIAL FOUNDATION, Appellee.**

No. 16909.

Court of Civil Appeals of Texas. Fort Worth.

March 29, 1968.

910

Goodstein, Erlanger & Starr, and Barnett M. Goodstein, Dallas, for appellants.

Sullivant & Harris, and Belvin R. Harris, Gainesville, for appellee.

## OPINION

RENFRO, Justice.

Defendants' motion to vacate a default judgment was overruled by operation of law and they appealed.

On March 24, 1967, Muenster Industrial Foundation sued Muenster Manufacturing Company and S. H. Raden for the balance due on a $32,000.00 note, and for foreclosure of a chattel mortgage.

The defendants filed a general denial on April 13, 1967.

Default judgment was entered against the defendants, jointly and severally, in the amount of $22,012.34, and for a foreclosure, on August 21, 1967.

On August 23, 1967, defendants filed their motion to vacate the judgment.

■ No hearing was held on the motion and no action was taken thereon by the trial court. No written agreements of the parties for postponement were filed with the clerk. Under the circumstances the motion was overruled by operation of law on October 7, 1967. Rule 329b, Sub. 4, Texas Rules of Civil Procedure.

Defendants request reversal on the grounds, (1) the trial court abused its discretion in rendering judgment without allowing defendants an opportunity to be heard; (2) in failing to grant defendants'

motion to set aside judgment; and (3) in failing to hear defendants' motion to set the judgment aside.

The unsworn motion to vacate merely set out the reasons for defendants' failure to appear on August 21. They alleged they received a mimeographed sheet from the clerk which listed three jury cases and one non-jury case preceding defendants' non-jury case on the setting for August 21; that on August 18 defendants' attorney wrote the clerk that he had a case set in Dallas on the 21st, requested her to notify him if defendants' case was reached, and if his case in Dallas was not on trial, he would contact his client and arrange to be in Gainesville as soon as possible thereafter; although the letter was mailed in time to reach Gainesville prior to 10:00 A.M. of the 21st, the clerk apparently did not receive it prior to the time the court called the regular docket. As exhibit to the motion appears defendants' attorney's letter of August 22 enclosing the motion to vacate, with a request the motion be called to the court's attention. On August 25 the clerk, by letter, notified defendants' lawyer the court required attorneys to make announcements in open court and would not entertain motions for continuance over the telephone, and would not agree to call attorneys when the case was reached.

Not included in the transcript, but attached to defendants' brief as "Exhibit A" is what purports to be the mimeographed "sheet" referred to in the motion to vacate. On the sheet appear the words, "*ANNOUNCEMENT OF READY* on all Jury Cases *MUST BE MADE* by Monday on or before 10:00 A.M. prior to trial date. Announcement may be made by letter or by calling the District Clerk." The instant case was not on the jury docket.

■ Defendants' point No. 3 presents no error. In his letter of August 22 to the clerk accompanying the motion to vacate, the defendants' lawyer wrote: "If the Judge will consider this Motion and rule on it without a formal hearing requiring my presence, I would appreciate his so doing." If the statement was not an express waiver of a hearing, it certainly was an invitation to the court to consider the motion without a hearing. Defendants cannot now complain of the action of the court in doing what they requested be done.

■ Defendants' claim that they were mislead by the quoted rule on the "setting sheet" is not well taken. The notice set out on the "setting sheet" allowing announcements by telephone or letter applied to jury cases, and not to non-jury cases such as the one before us. Further, defendants, even if the rule applied to non-jury cases, failed to show that such announcement was made "by Monday on or before 10:00 A.M. prior to trial date."

■ There was no allegation in the motion to vacate that a new trial would not delay or otherwise work an injury to plaintiff. The burden of making such showing rested upon defendants. Griffin v. Duty, 286 S.W.2d 229 (Tex.Civ.App., 1956, no writ hist.).

The motion to vacate did not allege the defendants had a meritorious defense.

In Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (Tex.Com. App., 1939, adopted by the Supreme Court), the Commission announced the following principle or rule as a guideline for trial judges: "A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

The rule is applicable to default judgments entered on failure of the defendant or his counsel to appear for trial. Ivy v. Carrell, 407 S.W.2d 212 (Tex.Sup., 1966); 33 Tex.Jur.2d, p. 628, § 110.

■ The failure of defendants and their attorney to appear for trial was not intentional or the result of conscious indifference. The judgment, however, must be affirmed, for, quoting from Ivy v. Carrell, supra, at p. 214, par. 6–8, "We note again the specific language of *Craddock* that a new trial should be granted to a defaulting defendant if his motion '*sets up* a meritorious defense.' This does not mean that the motion should be granted if it merely *alleges* that the defendant 'has a meritorious defense.' The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense."

In the instant case the defendants' answer, a general denial, did not plead a meritorious defense.

The unsworn motion, without supporting affidavits or other evidence, did not allege defendants had a meritorious defense. In fact, the motion did not allege that defendants had *any* defense to plaintiff's cause of action, and did not set forth any facts which would constitute a good defense.

Incidentally, nowhere in defendants' brief on appeal do they claim any defense to the plaintiff's suit.

■ It is well settled that the grant or denial of a new trial rests largely within the discretion of the trial court, and its discretion will not be disturbed on appeal except for a manifest abuse of discretion. Tarver v. Ed C. Smith & Bro., Inc., 402 S. W.2d 220 (Tex.Civ.App., 1966, no writ hist.); Watson v. Todd, 322 S.W.2d 422 (Tex.Civ.App., 1959, no writ hist.); 41 Tex.Jur.2d, pp. 29–31, § 3.

Since the motion to vacate judgment did not contain allegations of facts which in law would constitute a meritorious defense to plaintiff's cause of action, no affidavits or other evidence was offered, and no other good ground for new trial was presented, clearly the court did not abuse its discretion in failing to grant a new trial.

Affirmed.