**Jean MULLINAX, Appellant,**

**v.**

**Johnnie L. MULLINAX, Appellee.**

**No. 4832.**

Court of Civil Appeals of Texas.

Waco.

Sept. 18, 1969.

E. Gerald Sutton, Killeen, for appellant.

Robert O. Harris, Jr., Killeen, Mitchell, Gilbert & McLean, Arthur Mitchell, Austin, for appellee.

### OPINION

WILSON, Justice.

Appellant sought a declaratory judgment that she was the widow of deceased, Homer Mullinax, by virtue of a common-law marriage; and that his subsequent ceremonial marriage to appellee was invalid. She asked the court to decide who is the legal widow. In a non-jury trial the court concluded that there was an absence of showing that the first marriage had been dissolved, and applied the presumption of validity of the ceremonial marriage to appellee, who was declared to be the surviving widow.

Appellant contends, apparently, that the evidence rebuts the presumption of validity of the second marriage and the determination it was valid is erroneous. We affirm the judgment.

A common-law marriage of deceased and appellee was contracted in 1962, and a child was born of that marriage in 1963. In 1967 the ceremonial marriage with appellee was effected. Appellant did not see Homer thereafter. He died a year later in Viet Nam.

The only testimony in the record relating to dissolution of the 1962 common-law marriage is that of appellant: "Q. Since you have been married to Homer, has he or you ever put in for and been divorced? A. No, sir".

The presumption in favor of validity of the second marriage, notwithstanding the prior common-law marriage, "is one of the strongest, if, indeed, not the strongest, known to law", and may even outweigh positive evidence to the contrary. Texas Employers' Insurance Ass'n v. Elder (1955), 155 Tex. 27, 282 S.W.2d 371, 373. It must prevail unless rebutted by evidence "which negatives the effective operation of every possible means by which a dissolution of such prior marriage could have been effected." Holman v. Holman (Tex. Com.App. 1926), 288 S.W. 413, 415; Texas Employers' Insurance Ass'n v. Elder, above; Boudreaux v. Taylor, Tex.Civ.App., 353 S.W.2d 901.

Proof that the former marriage has not been dissolved by divorce is not sufficient. There must likewise be proof it has not been annulled, to rebut the presumption. Texas Employers' Insurance Association v. Gomez, Tex.Civ.App., 313 S.W.2d 956, 959, writ ref. n. r. e.; Hudspeth v. Hudspeth, Tex.Civ.App., 198 S.W. 2d 768, 769, writ ref. n. r. e. See Texas Employers' Insurance Ass'n v. Elder, 155 Tex. 27, 282 S.W.2d 371, 375, syl. 10; Snyder v. Schill, Tex.Civ.App., 388 S.W.2d 208, 210, writ ref. n. r. e.

Under the record presented the judgment is authorized, and is affirmed.