**Frank BOATRIGHT, Appellant,**

v.

**John Carl PETERSON et ux., Appellees.**

**No. 11955.**

Court of Civil Appeals of Texas, Austin.

Jan. 24, 1973.

Rehearing Denied Feb. 21, 1973.

Bob Kuhn, Austin, for appellant.

William L. Garwood and R. James George, Jr., Graves, Dougherty, Gee Hearon, Moody & Garwood, Austin, for appellee.

O'QUINN, Justice.

This appeal is from action of the trial court overruling motion for new trial after entry of default judgment in suit to remove cloud.

John Carl Peterson and wife, Claire Peterson, brought suit against Frank Boatright to remove cloud on title to real property situated in Travis County. The Petersons alleged that they acquired title by warranty deed dated February 4, 1958, to two tracts of land, consisting of about 3.25 acres in the James M. Mitchell Survey and lying along the south bank of Stillhouse Creek. Plaintiffs alleged that Boatright created a cloud on their title by recording a deed to Boatright executed May 10, 1971, purporting to convey title to certain land " . . . some or all of which is the same real estate" owned by the Petersons under their deed of 1958.

Boatright failed to make timely answer to the suit after service of process, and the Petersons took a default judgment on January 6, 1972, about 31 days after citation was served on Boatright. Boatright filed a timely motion for new trial and later amended his motion, alleging that failure to file an answer was due to error or mistake of his counsel and was not intentional or the result of conscious indifference, and offering, as a meritorious defense, the following:

". . . defendant has a meritorious defense . . . in that the deed from Howard Cantwell, and wife . . . to the defendant [Boatright] contains an adequate description of the premises conveyed so that the premises conveyed can be identified with reasonable certainty to the exclusion of any other. The deed from F. G. Rogers and wife . . . to Plaintiffs [Petersons], contains a description which is inadequate to describe with reasonable certainty the premises conveyed to the exclusion of others."

In addition, Boatright alleged that " . . . the land which Defendant claims . . . was conveyed by warranty deed . . . [from plaintiffs' grantors, Rogers and wife] to Howard Junior Cantwell, Defendant's Grantor, by warranty deed executed . . . [in October of 1947, and recorded the same month, with volume and page stated] in the Deed Records, Travis County, Texas."

■ The rule applicable to motions for new trial seeking to set aside default judgments entered on failure of a defendant to file an answer is stated in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Under the rule, default judgment should be set aside and new trial granted if the failure of defendant to answer before judgment was not intentional, did not result from conscious indifference on the part of defendant, but was due to mistake or accident, *"provided the motion for a new trial sets up a meritorious defense* and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." (Emphasis added)

■ Although under the rule found in *Craddock* proof of a meritorious defense in the accepted sense is not required to entitle the movant to a new trial after default, the motion must "set up a meritorious defense." This burden which a defaulting defendant must assume on motion for new trial is not as onerous as the burden imposed in a bill of review proceeding, but the motion for new trial will not be granted if the movant merely alleges that he "has a meritorious defense." The defaulting defendant "must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and [the motion] must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense." Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex. Sup.1966).

Neither the original motion for new trial nor the amended motion was verified, and the motions were not supported by affidavits seeking to prove *prima facie* that Boatright had a meritorious defense. The only evidence offered in an attempt to show a meritorious defense was the testimony of Boatright.

The amended motion for new trial alleges as a meritorious defense that Boatright's deed contains an adequate description but that the Petersons' deed contains a description inadequate to describe with reasonable certainty the premises conveyed to the exclusion of other lands. Neither in the motion nor in pleadings did Boatright assert that the two tracts were not in conflict.

Boatright testified that he was familiar with the land in the James Mitchell Survey in Travis County, having lived in that area all his life, and on numerous occasions having bought and sold land in the area. With the Peterson petition in hand, Boatright testified that the description of Boatright's tract contained in the petition described the land he claimed and that he was present when the property was surveyed. But Boatright testified that by looking at the description of the Petersons' property, as found in the petition, he was unable to tell where that tract lay in relation to Boatright's tract of land.

■ Boatright testified that because Stillhouse Creek is about two and a quarter miles long, he was unable to identify the beginning point in description of the Peterson tract, and that he did not know anyone named F. Cantwell who owned a tract on the south bank of Stillhouse Creek, although description of the Peterson tract called for a corner with the "F. Cantwell S.E. corner on S. bank of creek at iron pin and cross on rock for corner."

Boatright's testimony did not support the allegation of the motion for new trial setting up as a meritorious defense the inadequacy of the description found in the Peterson deed. Boatright did not qualify as a surveyor or other expert on land descriptions found in deeds.

"To be sufficient, the writing [in the deed] must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty." Morrow v. Shotwell, 477 S.W. 2d 538, 539 (Tex.Sup.1972). The description in the Peterson deed begins with reference to the James M. Mitchell Survey, by abstract, certificate, and survey, recites that the Peterson tract is out of land in the Mitchell Survey previously conveyed to grantors by named persons, and states the date of such conveyenace, as well as the book and page where that instrument is recorded. Throughout the description frequent references are made to natural landmarks, named roads, and to adjoining tracts by names of owners. The description closes by stating the acreage, more or less, contained within the metes and bounds recited.

Grant or denial of a new trial in cases of defaulting defendants rests largely within the discretion of the trial court, and a denial will not be disturbed on appeal unless there has been a manifest abuse of discretion. Muenster Manufacturing Company v. Muenster Industrial Foundation, 426 S.W.2d 909, 912 (Tex.Civ.App., Fort Worth 1968, no writ), and authorities cited.

We hold that appellant failed to set up a meritorious defense and that such proof as was offered did not establish *prima facie* that, as the defaulting defendant, appellant had a meritorious defense.

No issue is presented on appeal as to the other requirements of a defaulting defendant that he show, in order to obtain a new trial, that failure to answer was not intentional or the result of conscious indifference, but was due to mistake or accident, and that granting a new trial will not occasion delay or otherwise work an injury to plaintiff. See *Craddock*, 134 Tex. 388, 133 S.W.2d 124, 126; Ivy v. Carrell, Tex.Sup., 407 S.W.2d 212, 213. Such issues not being before us by proper assignments of error, we have not considered them. Rule 451, Texas Rules of Civil Procedure.

Judgment of the trial court is affirmed.

Affirmed.